E. G. HANRICK ET AL. V. NICHOLAS HANRICK ET AL.

No. 4425. Decided November 28, 1904.

**Judgment—Description of Lands—Error.**

The failure of a judgment in a partition suit to describe lands which certain cotenants had appropriated, and for which they were to be charged in the partition, did not require the granting of writ of error by the Supreme Court where the commissioners could ascertain such description from the pleadings and findings of fact by the trial court, or, if necessary, the judgment could be corrected in such court by inserting it.  (Pp. 269, 270.)

Application for writ of error to the Court of Civil Appeals for the Third District, in an appeal from Falls County.

E. G. Hanrick and others appealed from a judgment against them and upon affirmance applied for writ of error, which is denied.

*George Clark, Z. I. Harlan,* and *L. W. Goodrich,* for applicants.

WILLIAMS, ASSOCIATE JUSTICE.—The questions involved in this case may be seen from the report of the decision of this court when it was before us at a former term.  93 Texas, 458.

The present application is from a judgment of the Court of Civil Appeals affirming a judgment rendered by the District Court, after the case had been remanded, upon a trial of the question left open by our former decision.  The action of both courts was in accordance with that decision and the application is refused.

One matter is presented, however, which we notice in this way in order to avoid misunderstanding.  As will be seen the judgment of the District Court, formerly before us, directed that the lands which E. G. Hanrick and Gurley had appropriated by sale before the institution of the suit should be charged to them in partition and this part of the judgment was not disturbed by our decision, that judgment being left in force in all things except those wherein we corrected it.  The application for writ of error then before us did not complain of the failure of the judgment to set out a description of such lands, and hence this feature was not noticed in the opinion or the judgment rendered here. A motion for rehearing did call attention to the omission, but we did not think it proper to consider a point which had not been presented in the application, especially as it was not regarded as of great moment. At the last trial the District Court entered judgment the same as that which had been rendered here, except in the matter as to which a new trial was ordered by our judgment, and consequently again failed to insert a description of the lands to be charged to Hanrick and Gurley. This, in our opinion, does not require the granting of the writ.  Those lands were fully identified in exhibits K and L attached to the plaintiffs' petition and by the tenth finding of fact and first conclusion of law of the trial judge, upon all of which the judgment is based.  The

judgment is to be construed in accordance with the pleadings and the findings, and the commissioners have only to look to these to ascertain the lands referred to in the judgment; and, if need be, the District Court still has the power to amend the order directing partition by inserting the description thus furnished.

*Application refused.*