HANRICK et al. v. HANRICK et al.

(Court of Civil Appeals of Texas. Austin. May 12, 1911. Rehearing Denied June 21, 1911.)

COURTS (§ 99*)—FORMER DECISIONS AS PRECEDENT—EFFECT.

A point raised on motion in the nature of a bill of review to set aside judgments will not be considered as open, where it has been repeatedly passed upon in former decisions in the Supreme Court of the United States, the Supreme Court of the state, and the Court of Civil Appeals.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 340; Dec. Dig. § 99.*]

Appeal from District Court, Falls County; Richard I. Munroe, Judge.

Action by Nicholas Hanrick and others against E. G. Hanrick and others. From an order overruling a motion, defendants appeal. Affirmed.

L. W. Goodrich, Z. I. Harlan, O. L. Stribling, and Spivey & Carter, for appellants. H. F. Ring and Presley K. Ewing, for appellees.

BARBER, Special Judge. Edward Hanrick died in 1865, a resident citizen of the state of Alabama, and then owning a large amount of land in the state of Texas, including the Pedro Zarza five-league grant and the La Serda eleven-league grant, situated in Falls county, Tex. He died without issue, unmarried and intestate. His next of kin were two brothers and a sister, residing in Ireland, and Edward G. Hanrick, who resided in the state of Alabama and who was the only child of a deceased brother. Edward G. Hanrick conceived and asserted himself to be the sole and only heir at law of Edward Hanrick, upon the theory that the other kinsmen were aliens and could not inherit.

This contention on his part resulted in some of those other kinsmen filing their original petition in this case in the district court of Falls county on December 17, 1878. The controlling issue involved in the case

thus initiated was the right, under the laws of the state of Texas, of those aliens to inherit. The issue presented was decided against the contention of Edward G. Hanrick by the Supreme Court of Texas on December 14, 1880. Hanrick v. Hanrick, 54 Tex. 101. Being again presented to that court, it reaffirmed the previous decision, in an opinion of the Commission of Appeals, adopted by the Supreme Court on May 30, 1884. Hanrick v. Hanrick, 61 Tex. 596. A case from Williamson county between same parties, presenting same question, was decided by that court in the same way June 3, 1884. Hanrick v. Hanrick, 63 Tex. 618. The question reached the Supreme Court of the United States and was there decided on November 29, 1886; that court following and approving the views and reasoning of the Supreme Court of Texas. Hanrick v. Patrick, 119 U. S. 156, 7 Sup. Ct. 147, 30 L. Ed. 396.

Not satisfied with the views thus four times announced by the highest courts of the land, the question came before this court, which had been in the meantime created, and the same holding was again made on January 11, 1899. Hanrick v. Gurley, 48 S. W. 994. On this last appeal the case reached the Supreme Court, and it again reaffirmed the original decision as reported in 54 Tex. 101; the opinion being by Justice Williams, and rendered on December 18, 1899. Hanrick v. Gurley, 93 Tex. 458, 54 S. W. 347, 55 S. W. 119, 56 S. W. 330. The Supreme Court then sent the case back to the district court, for the sole purpose of disposing of the claim made by Edward G. Hanrick for contribution on account of expenses incurred by him for the general estate.

The familiar face of Hanrick v. Hanrick was seen here again in 1904, and on June 15th of that year the opinion of the court was rendered. The appellants there renewed and presented the old alienage contention upon the court, which held that question no longer in the case, and that the district court had properly declined to try any issue, except the one of contribution. The court went further and said the question had been so often decided adversely to the contention made that it must be treated as settled. Hanrick v. Hanrick, 81 S. W. 795. The judgment then rendered by the Court of Civil Appeals was approved by the Supreme Court, refusing an application for a writ of error, which was done November 28, 1904. Hanrick v. Hanrick, 98 Tex. 269, 83 S. W. 181.

Between the second and third appeals in this case, same was removed into the Circuit Court of the United States for the Northern District of Texas, at the instance of Wm. Brady, one of the defendants, and a judgment of partition therein rendered, which

judgment was reversed by the Supreme Court of the United States on April 30, 1894, and the cause remanded to the district court of Falls county for want of jurisdiction in the United States courts. 153 U. S. 192, 14 Sup. Ct. 835, 38 L. Ed. 685.

After the case had been here in 1904, as above noted, the district court appears to have proceeded with the matter of the partition, evidently anticipating that the end was in sight; but before the report of the commissioners of partition had been finally received and approved the heirs at law of Edward G. Hanrick, who had died pending this litigation, filed, on February 17, 1907, in the original cause in the district court, a motion which was amended on February 1, 1908. This amended motion is in the nature of a bill of review to set aside and annul all judgments theretofore rendered in the case by the district court and appellate courts, except only the two judgments first rendered by such district court, which sustained their contention. This motion alleges very fully the history of the litigation, and, as we understand it, seeks to set aside those former judgments chiefly upon the contention that the decisions rendered were wrong in holding that the aliens shared in the inheritance with Edward G. Hanrick. On February 5, 1908, the district court of Falls county adjudged said motion to be wholly insufficient, and held that the same showed no sufficient grounds for disturbing the judgments therein attacked, and overruled said motion in toto. From this order, the appeal now before us is prosecuted.

The curiously inclined may wonder how this case could have been reversed and come again to the appellate courts as often as it has. If they care to know, a reading of the various decisions above will give the information, which there is no occasion to set out in this opinion.

Independent of every other consideration which might lead us to the same result, we think the question sought to be again presented has been determined too often, and by courts of too high character, to even permit of further discussion. If decisions by the Supreme Court of Texas, the Supreme Court of the United States, and this court, cannot settle this question, we are unable to appreciate how it may be settled. There must be an end to litigation, and certainly the limit has been reached in this case in the consideration and reconsideration of the controlling question. The persistency of Banquo's ghost pales into insignificance when compared to that of those asserting here the contention first made by them in this case 33 years ago.

Their present counsel have in an interesting brief presented the question with much force, and if thus presented in the inception of this litigation a different result might have been reached. Without an attempt to express any opinion in the matter as an original question, we are perfectly content to affirm the judgment upon the authority of the frequent decisions heretofore made in this matter, and it will be so ordered.

Chief Justice KEY and Associate Justice RICE being disqualified, T. B. COCHRAN was appointed Special Chief Justice and WILL G. BARBER Special Associate Justice in their stead.