GURLEY v. HANRICK'S HEIRS.†

(Court of Civil Appeals of Texas. Austin.
May 12, 1911. On Rehearing,
June 21, 1911.)

1. PARTITION (§ 89*) — RELIEF — RIGHTS OF
PARTIES—PLEADING.

Not only is it proper under Rev. St. 1879,
art. 3466, providing what the petition in parti-
tion shall state, and article 3468, providing
what the court shall determine on the hearing,
for the court in a partition suit to ascertain
and determine the rights of the defendants and
make partition between them, without any spe-
cial pleading asking therefor, where they do
not ask that there be no partition between, thus
making the judgment conclusive between them,
preventing one of them thereafter claiming sep-
arate ownership against the other of land which
it was decreed should be partitioned; but under
any system of pleading such adjudication, with
such result, is proper, where one of the defend-
ants by his answer sets up the interest of the
other in all the lands, and as to the particular
tract in question prays that in case of a parti-
tion it be set off to himself, because of improve-
ments thereon made by him, and the other de-
fendant adopts such answer so far as setting
up his rights, and prays for affirmative relief,
and that his title be quieted, and for general
relief.

[Ed. Note.—For other cases, see Partition,
Dec. Dig. § 89.*]

2. TENANCY IN COMMON (§ 38*) — MUTUAL
RIGHTS — ADVERSE POSSESSION — VERBAL
PARTITION—EVIDENCE.

· Every act of possession by H. of a certain
tract, and every circumstance tending to sup-
port his claim to separate ownership thereof,
being consistent with his rights as tenant in
common thereof with G., as he was unless he
had become the exclusive owner by limitations
or a verbal partition, the question of his claim
by limitations or verbal partition should not be
submitted to the jury.

[Ed. Note.—For other cases, see Tenancy in
Common, Cent. Dig. § 116; Dec. Dig. § 38.*]

3. PARTITION (§ 92*)—RELIEF—IMPROVEMENTS
—PROCEEDINGS UNDER DECREE FOR PARTI-
TION.

The provision of the judgment in partition
that H., one of the parties, was entitled to a
certain sum for money expended by him for
preservation of the common estate, and that
this should be satisfied by land of that value
being first set aside to him, having been sub-
mitted to by the others, one of them cannot, on
the proceeding to execute the judgment, assert
a right to part of the compensation tract, on
the ground of his being the equitable owner of
a third of the compensation judgment, because
of his having contributed a third of the money
expended in preservation of the estate; but his
rights on that account, if not waived, must be
asserted in an independent suit.

[Ed. Note.—For other cases, see Partition,
Dec. Dig. § 92.*]

4. PARTITION (§ 90*)—JUDGMENT—EXECUTION.

Where, in partition, it was adjudged that
H. was entitled to a certain interest in the
lands, and provided that the lands, part of
which had already been sold by him, should be
valued by commissioners, and that the lands al-
lotted to him should include the value of those
sold by him, and, in addition, it was adjudged
that he was entitled to a certain sum because
of expenditures by him for preservation of the
common estate, which should be satisfied by the

commissioners first setting aside to him out of
the estate lands of the value of said sum, and
on the proceeding to execute the judgment it is
found that the value of the lands sold by him
exceed his interest in all the lands, such ex-
cess should be applied on his compensation judg-
ment.

[Ed. Note.—For other cases, see Partition,
Cent. Dig. § 250; Dec. Dig. § 90.*]

5. PARTITION (§ 92*)—IMPROVEMENTS — TIME
OF VALUATION.

Under the decree in partition providing
that in making partition of certain of the land
the commissioners shall value it without regard
to improvements thereon, and if in making the
partition it is necessary to allot to any of the
others any of the land improved by H., the
value of the improvements thereon shall be
considered and estimated against the party to
whom it is allotted, some of the land being set
aside to another, the improvements thereon
should be valued at the time the trial court en-
ters its judgment.

[Ed. Note.—For other cases, see Partition,
Dec. Dig. § 92.*]

6. PARTITION (§ 92*)—JUDGMENT FOR EXPEN-
DITURES—INTEREST—RENTS.

Where a decree in partition gives judgment
to one of the parties for a certain sum for mon-
ey expended by him for preservation of the com-
mon estate, this to be satisfied by land of that
value being first set aside to him, but it is silent
as to interest and as to future rents, and the
owners of the judgment have at all times since
had full use of the land and enjoyed its rents,
neither interest should be allowed nor rent
charged on the proceeding to execute the de-
cree.

[Ed. Note.—For other cases, see Partition,
Dec. Dig. § 92.*]

7. PARTITION (§ 92*)—JUDGMENT—EXECUTION
—TIME OF VALUING LAND.

Where the decree in partition provides that
the commissioners in making partition shall es-
timate the land "according to its value at the
present time," and that the judgment therein
rendered in favor of one of the parties for a
certain sum, for money expended by him for
preservation of the common estate, shall be
satisfied by land of that value being first set
aside to him, and by reason of appeal by him
and another execution of the decree and judg-
ment is long delayed, the land set off to satisfy
the money judgment will, as between such two,
be valued as of the date of such decree and
judgment.

[Ed. Note.—For other cases, see Partition,
Cent. Dig. § 276; Dec. Dig. § 92.*]

8. FRAUDS, STATUTE OF (§ 131*)—AGREEMENT
AS TO LAND.

G. being the owner of an undivided third
of certain lands, and H. having an interest in
the remaining two-thirds, and claiming to be the
sole owner of such two-thirds, H. contracted in
writing to convey to G. and C., in consideration
of their defending against the claims of others
to part of such two-thirds interest, an undivid-
ed one-sixth interest in his personal share of the
lands, and in such contract G. agreed to relin-
quish to C. his interest in said one-sixth, the
contract further providing the said one-sixth in-
terest thus secured to C. to be taken out of H.'s
interest in said lands, after deducting the one-
third interest belonging to G. Held, that noth-
ing short of a subsequent contract in writing
meeting the requirements of the statute of frauds
could change such agreement, so as to allow the
land conveyed to C. by H. and G., in execution

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

139 S.W.—46          † Writ of error denied by Supreme Court.

of such agreement, to be charged to the interest of G. in partition between him and H.

[Ed. Note.—For other cases, see Frauds, Stat-ute of, Cent. Dig. § 283; Dec. Dig. § 131.*]

### 9. PARTITION (§ 92*)—IMPROVEMENTS.

Under a decree in partition providing that, if any of the lands improved by H. be allotted to any party other than H., such party is to be charged with the value of the improvements, he is not to be charged with any improvements placed thereon subsequent to the decree.

[Ed. Note.—For other cases, see Partition, Dec. Dig. § 92.*]

### 10. PARTITION (§ 92*) — TIME OF VALUING LAND.

Under the decree in partition providing that in making the partition the lands shall be valued at the time of the decree, and that any of the land which had been sold by any party shall be set apart to him, he is to be charged with such land at its value at the time of the decree, without regard to what he obtained for it.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 276; Dec. Dig. § 92.*]

### 11. WITNESSES (§ 150*)—COMPETENCY—TRANS-ACTION WITH DECEDENT.

Where, pending a suit between G. and the heirs of a decedent, the heirs convey, without warranty, all their interest in the suit to L., and L. intervenes, the heirs being thus render-ed merely nominal parties, the disqualifica-tion of G., under Rev. St. 1895, art. 2302, to testify in the suit, as the parties originally ex-isted, to statements of and transactions with deceased, ceased, and may not be restored by withdrawal of L.

[Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 150.*]

Appeal from District Court, Falls County; Richard I. Munroe, Judge.

Action by Nicholas Hanrick and others against E. G. Hanrick and others for parti-tion. From a judgment executing the judg-ment for partition, E. J. Gurley, one of the defendants, appeals; the heirs of E. G. Han-rick being the appellees. Affirmed in part, and in part reversed, with instructions.

See, also, 138 S. W. 1092.

Taylor & Gallagher and Sleeper, Boynton & Kendall, for appellant. L. W. Goodrich, O. L. Stribling, Z. I. Harlan, and Spivey, Bartlett & Carter, for appellees.

COCHRAN, Special Chief Justice. This is an appeal by E. J. Gurley as against the heirs of E. G. Hanrick from an attempt by the district court of Falls county to execute a ·judgment by the Supreme Court of this state directed to be entered in the case of Nicholas Hanrick et al. v. E. J. Gurley et al. in its opinion rendered December 18, 1899, as modified in its later opinion of date March 29, 1900, reported in 93 Tex. 458–482, 54 S. W. 347, 55 S. W. 119, 56 S. W. 330.

As will be seen by reference to the opin-ions cited, the case was remanded to the trial court upon a single issue, viz., to ascertain the amount of money which had been ex-pended by E. G. Hanrick for the preservation of the common estate, with instructions to set apart to the said Hanrick sufficient lands to satisfy this claim, and to divide the bal-ance of the lands between the different ten-ants in common in accordance with the re-spective rights as previously determined and fully set forth in the decree. When the case was returned to the district court, the death of E. G. Hanrick being suggested, his heirs were made parties, and a trial was had in accordance with the opinion of the Supreme Court. At this trial it was ascertained that E. G. Hanrick had expended of his own funds in the preservation of the common es-tate the sum of $18,785.89, and a judgment was entered that a sufficient amount of land be set aside to his heirs to satisfy this sum, the balance of the land to be partitioned be-tween the parties in accordance with their respective interests as set forth in the for-mer decree which had been affirmed by the Supreme Court. Notwithstanding the action of the Supreme Court in remanding the cause upon the single issue and affirming the pre-vious judgment in all other respects, another appeal was prosecuted by the defendants E. J. Gurley and the E. G. Hanrick heirs, in which the appellants again presented the same questions which had been determined against them, but made no complaint as to the form of the judgment which had been entered at the last trial in determining the rights of parties, and directing that the lands be set apart to them in severalty in accord-ance with such rights. Upon this appeal the judgment of the district court so entered in accordance with the mandate of the Supreme Court was affirmed by this court on June 15, 1904, and will be found reported under the style of Hanrick v. Hanrick, 81 S. W. 795. A writ of error from this judgment of af-firmance was refused by the Supreme Court, as will be seen by reference to its opinion found in 98 Tex. 269, 83 S. W. 181. This last judgment thus affirmed was entered Feb-ruary 18, 1903, and, as the district court had no power to conduct any further inquiry as to the rights of parties at variance with this judgment under the authority of Wells v. Littlefield, 62 Tex. 28, we here state the ma-terial parts of that judgment so far as they have any bearing upon the present contro-versy. The judgment shows that the court first ascertained from the evidence introduc-ed that the heirs of E. G. Hanrick were en-titled to recover on their claim of contribu-tion the sum of $18,785.89, to be satisfied and discharged as thereinafter provided.

The decree next sets out a description of the lands to be partitioned as being all of the Antonio de la Serda 11-league grant in Falls county, Tex., after deducting certain specified tracts conveyed· by the ancestor, Edward Hanrick, and as being in conflict

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

therewith, and all of the Pedro Zarza 5-league grant in said county, after making similar deductions. The decree then proceeds: "That the defendant, E. J. Gurley, have and recover judgment against all parties to this suit for the title and possession of an undivided three-ninths interest in the land in controversy. That the estate of E. G. Hanrick have and recover judgment against all the parties to this suit for the title and possession of an undivided two-ninths interest in the land in the La Serda grant, and fourteen fifty-fourths undivided interest in the Zarza grant in controversy." The court then proceeds to decree to the other parties their interests in the remainder of the two grants, appointed three commissioners and a surveyor to partition the land under the following instructions: "All the land in controversy not embraced in the boundaries of Exhibit F attached to plaintiff's petition (a copy of which is later set forth in the decree) shall be set aside to R. A. Hanrick and Nannie Hanrick as legal representatives of the estate of E. G. Hanrick, and valued at zero. * * * The lands described in said Exhibit F shall be valued by the commissioners and divided into two parts, one part to embrace in value four-ninths of the whole, less one-sixth of the value of the land in said Exhibit F on said Zarza grant; and the other part to embrace five-ninths in value of the whole, plus one-sixth of the value of the land in said Exhibit G on said Zarza grant, the latter to be set aside to the estate of E. G. Hanrick and E. J. Gurley; and the court directs that the lands so set apart to the estate of E. G. Hanrick and E. J. Gurley shall include all tracts of land sold by them, or either of them, before the institution of this suit, and of said portion so allotted to the estate of said E. G. Hanrick and E. J. Gurley three-ninths in value of the same shall be set apart to E. J. Gurley and the remainder shall be set apart to said legal representatives of the estate of E. G. Hanrick, the lands allotted to the said Gurley to include one-third in value of the tracts of land sold by E. G. Hanrick and E. J. Gurley or either of them before the institution of this suit, and also the 4,113-acre tract heretofore set aside to said Gurley by interlocutory decree at the instance of the interveners R. L. Brown and the American Freehold Land Mortgage Company, Limited, of London; and the lands so allotted to the estate of E. G. Hanrick shall include two-thirds in value of the tracts of land so sold by either Hanrick or Gurley before the institution of this suit, and shall also include the lands improved by them so far as possible."

The decree next provides for the partition as between the other parties at interest in substantially the same terms as above set forth, except that as to these the decree requires the commissioners to set apart to each all lands sold by them after the institution of the suit, and proceeds: "In making partition of the lands embraced in said Exhibit F said commissioners shall estimate the same *according to its value at the present time* as raw and unimproved land without regard to improvements made thereon, taking into consideration the situation, quantity, and quality and advantage of each share; and, if in making said partition it should become necessary to allot to any of the parties to this suit any portion of the lands embracing improvements made thereon by E. G. Hanrick, then in such event the value of such improvements on the part so taken shall be considered and estimated against such party."

The decree then provides for the satisfaction of the judgment in favor of the estate of E. G. Hanrick for moneys advanced as follows: "The commissioners shall first set aside to the estate of E. G. Hanrick land of the value of said sum of $18,785.89, and the remainder of said land shall be divided among the respective parties entitled to participate in same as hereinbefore provided and in proportion to the interest held by them respectively as set forth in this decree." Upon the return of the mandate to the district court from this last appeal, the commissioners proceeded with their work, submitted their report to the court, and, all parties at interest being satisfied except E. J. Gurley and the E. G. Hanrick heirs, an interlocutory judgment of approval as to the remaining interests was first entered, and the further proceedings in the case assumed the form of a contest between Gurley and the E. G. Hanrick heirs upon exceptions to certain features of the report. It appears from their report that the commissioners first set apart to Gurley and the E. G. Hanrick heirs all of the lands which had been sold by them jointly or by either of them separately after the institution of the suit, as well as before, and, as there were sufficient lands to satisfy the interests of the other tenants in common, no question can arise or is made as to the legality of this part of the report.

It was also found that the only lands remaining undisposed of not previously set apart and charged against the Gurley and Hanrick interests, and set apart and charged to the other tenants in common, consisted of one tract of 1,759 acres out of the Zarza grant which the commissioners set apart to the E. G. Hanrick heirs in settlement of the judgment rendered in their favor for moneys expended by their father, and which for convenience is termed the "compensation tract." It appears that in the conveyance of the land charged against the Gurley and E. G. Hanrick interests the conveyances were made in the main for their joint use, and were made both jointly, and in some instances separately, and by L. W. Goodrich, acting under power of attorney from Gurley. With respect to these different conveyances the parties entered into writ-

ten stipulations at the hearing, in substance, as follows: It was agreed that the report of the commissioners correctly states the tracts sold by E. G. Hanrick or by Hanrick and Gurley jointly, or by the Hanrick heirs and Gurley jointly, or by Hanrick and Goodrich or by the Hanrick heirs and Goodrich jointly, or by Goodrich alone, except such as may be shown otherwise by the evidence. It was further agreed that in making sales out of the land in controversy, except those made by L. W. Goodrich alone, the proceeds of sale were divided between the parties in proportion of one-third to E. J. Gurley and two-thirds to E. G. Hanrick, or to his heirs, except in the particular instances which may be shown by either party. It was also agreed that the tracts of land appearing in the report of the commissioners as sold by L. W. Goodrich to various purchasers were properly charged to the defendant E. J. Gurley, except such as may be shown otherwise by the evidence. Under the exceptions made by Gurley and the E. G. Hanrick heirs to the different features of the record a contest was made by the E. G. Hanrick heirs that a tract of 1,625 acres known as the 'Goodrich & Clarkson tract, and which the commissioners had charged against them should have been charged against Gurley alone as having been conveyed to Goodrich & Clarkson for his benefit.

A similar contest was made by Gurley as to the action of the commissioners in charging him with four small tracts aggregating 178.6 acres, and as to the action of the commissioners in not setting apart to the E. G. Hanrick interest in satisfaction of the judgment for $18,795.89, the excess of the sold lands above the amount which E. G. Hanrick was entitled to receive. Gurley also objected to the action of the commissioners in allowing interest upon this judgment from its date, February 18, 1903, in setting aside land to pay the same and in undervaluing this tract. With respect to this compensation tract it appears that L. W. Goodrich had prior to the filing of the report purchased from the Hanrick heirs the judgment and had first intervened in the proceedings for the purpose of setting up his rights with reference thereto, and at the hearing, over Gurley's objections, was permitted to withdraw his intervention, and the Hanrick heirs continued as apparent owners to litigate with Gurley with respect to this tract, and, in response to Gurley's objections, for the first time interposed the claim that this particular tract was not subject to partition because there had been a verbal partition between E. G. Hanrick and E. J. Gurley by which this tract had been set apart to Hanrick, and he had held adverse possession of the same for more than 10 years, cultivating, using, and enjoying the same, and that under this pos-

session he had acquired title thereto by limitation.

At the trial of the contest between Gurley and the E. G. Hanrick heirs, a jury was impaneled and certain issues submitted, under which the following findings were made: (1) That the reasonable market value of the 1,759-acre tract was $18 per acre; (2) that E. G. Hanrick had held the exclusive possession of this 1,759-acre tract from about 1882 to the time of his death, cultivating, using, and enjoying the same, and claiming to be the sole owner thereof, and that his heirs had continued this possession and use after his death under the same claim without interruption; (3) that the said E. G. Hanrick had taken possession and held this tract of land under an implied agreement with Gurley that it should be the separate property of the said Hanrick; and (4) that the 1,625-acre tract had been conveyed by the said Gurley and Hanrick to Goodrich & Clarkson for the sole benefit of Gurley.

At the hearing Gurley also attempted to set up a claim to a one-third interest in the judgment awarded to Hanrick for moneys expended in the preservation of the estate, claiming that one-third of the money had been contributed by him, and that in taking the judgment it was agreed that it should be taken in Hanrick's name, but for their joint use. This claim was stricken out on exceptions by the Hanrick heirs.

The trial court approved the special findings of the jury, and, being of opinion that E. G. Hanrick had acquired title to the compensation tract of 1,759 acres under the statute of limitation and under the implied agreement of partition, gave judgment in favor of the Hanrick heirs for this tract of land, disregarding the finding of the jury that this tract was worth $18 per acre in its raw state. As there was no controversy between the parties as to the fact found by the commissioners that Gurley and Hanrick had disposed of all of the lands that could be set apart to them after satisfying the claims of the other tenants in common, except this compensation tract, the court held that all other matters involved in the contest became immaterial, and rendered judgment in favor of the Hanrick heirs and against Gurley for the compensation tract, and from this judgment Gurley has appealed.

As the case was thus made to turn upon the right of the Hanrick heirs to set up a title to this particular tract under the statute of limitation and the claim of verbal partition, we deem it necessary to make findings with reference to these issues as follows:

(1) We find that E. J. Gurley became the owner of an undivided one-third interest in all of the lands involved in this suit under a contract with Edward Hanrick, the ancestor, under which Gurley agreed to act as attorney

and special representative for said Hanrick in the protection of his lands in Texas against all adverse claims.

(2) Upon the death of the said Hanrick, his nephew, E. G. Hanrick, recognized Gurley's rights under his contract, and, as both were of opinion that the alien kinsmen could not inherit, they took possession of all of the lands and at all times recognized the rights of each other, and acted upon the assumption that said E. G. Hanrick was the owner of two-thirds of the lands and the said Gurley the remaining one-third, notwithstanding the repeated decisions of the Supreme Court of this state rendered in this and other cases establishing the right of the alien heirs to inherit.

(3) We find that about 1882 Hanrick took possession of the tract now known as the compensation tract, and thereafter continued to use the same and appropriate the rents, issues, and profits thereof. It appears from the record that this tract had been previously improved and controlled by Gurley and Hanrick, but the record does not disclose how Gurley ceased to participate in the control of the same after 1882. After this case was first reversed on December 14, 1880, as reported in 54 Tex. 101, Gurley was made a party to the suit by the alien heirs under the allegation that he was setting up some kind of claim to the lands, the nature of which was not known. The answer of Hanrick in the suit was then amended in which he alleged that Gurley was the owner of an undivided one-third interest in all of the lands superior to the claims of all parties, setting up the origin of Gurley's rights, as heretofore stated. In this answer it was further stated that Hanrick and Gurley had jointly occupied parts of the land, and that, with Gurley's consent, Hanrick had improved the 1,759 acres, now known as the compensation tract. Gurley then appeared and filed his answer, also claiming an undivided one-third interest in the land, and adopting the allegations in Hanrick's answer. The pleadings of both Gurley and Hanrick remained in substantially this form until the trial of this case in 1903.

(4) We find no evidence in the record tending to show that at any time E. G. Hanrick repudiated his relations with Gurley as tenant in common in all of the lands, and we find no act on his part inconsistent with his rights as a tenant in common to use a part of the common estate.

(5) We find no evidence in the record tending to show that an agreement was made between Gurley and Hanrick in the nature of a verbal partition by which Gurley in any manner estopped himself from resorting to the 1,759-acre tract if it became necessary to give to him his full interest in the land. We further find as a matter of fact that the possession which Hanrick held of the compensation tract was at all times with the consent of Gurley and in harmony with their rights and relations as tenants in common.

[1] As a matter of law, we are of opinion that the court should not have permitted the E. G. Hanrick heirs to set up any claim of separate ownership to the compensation tract of 1,759 acres, for the reason that by the previous judgments entered in 1898 and 1903, and as affirmed by this court and by the Supreme Court, the rights of parties had become finally established, and the trial court had no right to institute further inquiry upon new issues. The contention of the appellees that the judgment so affirmed fixing the rights of parties was not conclusive between appellant and appellees because they were defendants in the suit, and by their pleadings did not assert rights adverse to each other, in our opinion, is not sound. By the Revision of 1879 the codifiers inserted the following statutory provisions with reference to procedure in partition suits: In article 3466 it is prescribed that the petition shall state "(1) the names and residence, if known, of each of the other joint owners or joint claimants of such real estate; (2) the share or interest which the plaintiff and the other joint owners or claimants of said real estate own or claim, so far as known to the plaintiff; (3) the real estate sought to be partitioned shall be described in such manner as the same may be distinguished from any other real estate, and the estimated value thereof stated." Article 3468 provides that "upon the hearing of the cause the court shall determine (1) the share or interest of each of the joint owners or claimants in the real estate sought to be divided; (2) all questions of law or equity affecting the title to such real estate, or any part thereof which may arise." In Freeman on Cotenancy and Partition, § 499, the rule of pleading in partition suits is stated as follows: "When the defendants have an interest in the property as cotenants, it is incumbent on them by their answer to disclose the nature and extent of such interest as fully as the plaintiff in his complaint is required to disclose the nature and extent of his interest. They become, as it were, plaintiffs seeking affirmative relief and bound by all the rules of pleading to exhibit the facts upon which alone that relief can be properly extended." The following extract from an opinion of the Supreme Court of California is then quoted with approval: "An action for partition under our statute is sui generis. The parties named in the complaint, whether as plaintiffs or defendants, are all actors, each representing his own interest. Whether plaintiffs or defendants, they are required to set forth fully and particularly the origin, nature, and extent of their respective interests in the property. This having been done, the interest of each or all may be put in issue by the others, and, if so, such issues are to be first tried and determined, and no partition can be made until the respective in-

terests of all the parties have been ascertained and settled by trial." In the case of Gasscock v. Hughes, 55 Tex. 461, it was held that, while it was necessary that the plaintiff should set out his own title and claim, it was not necessary after making all who owned the residue of the land parties to set out the several interests claimed by them. This opinion was delivered soon after the Revision of 1879, but no reference is made to the new statute, and in view of the general rule of pleading in partition suits above quoted, and the express command of the statute that "the court shall determine the share or interest of each of the joint owners or claimants, and all questions of law or equity affecting the title to such real estate or any part thereof which may arise," we do not consider that this decision is authority for the proposition that the judgment of the court so determining the rights of parties in this case was otherwise than conclusive, under the decisions of our Supreme Court in the following cases: McFarland v. Hall, 17 Tex. 676; White v. Mitchell, 60 Tex. 164; Freeman v. McAninch, 87 Tex. 132, 27 S. W. 97, 47 Am. St. Rep. 79.

We are of opinion that, when E. G. Hanrick by his own pleading set up the interest of Gurley as the owner of an undivided one-third of all of the lands, this claim became an issuable fact in the case, and that the judgment entered in response thereto became as conclusive upon him as if a contest had arisen between him and Gurley. We are further of opinion that Hanrick's distinct admission of Gurley's ownership of an undivided one-third interest in the land appearing in his answer on file in this partition suit at all times after Gurley was made a party deprived Hanrick and his heirs of all right to set up an adverse claim to a particular part of the common estate.

[2] In view of our finding that every act of possession and every circumstance tending to support the Hanrick claim to the compensation tract was consistent with his rights as tenant in common, we are of opinion that the court further erred in submitting to the jury any issue with reference to the separate claim of Hanrick as based upon title by limitation, or as arising out of an act of verbal partition. As the case will have to be reversed because of the erroneous act of the trial court in adjudging this compensation tract to the E. G. Hanrick heirs, we deem it necessary to decide other points raised in the briefs of the parties in order that we may discharge our full duty in an effort to conclude this long protracted litigation, which has now been on the docket for more than 30 years.

[3] The rights asserted by Gurley to part of the compensation tract on the ground of an equitable ownership of an undivided one-third of the judgment for $18,785.89 we hold cannot be set up in this proceeding, for the reason that by agreeing that the judgment should be taken in Hanrick's favor in this proceeding nothing remains but to execute the judgment in the form thus agreed upon, and, if Gurley has not waived his rights, he should assert them in an independent suit.

[4] The claim of Gurley that when it was found that E. G. Hanrick and his heirs had sold more than the Hanrick interest in the land the excess should have been charged against the Hanrick interest in the matter of satisfying the money judgment appears to be based upon a sound equity, and the trial court, when it comes to finally adjust the rights of parties, should charge the E. G. Hanrick heirs with any excess in sales that may be found to have been made by or for the use of E. G. Hanrick, or his heirs, and resort to the 1,759-acre tract in so far as may be necessary.

[5] With respect to the valuation to be placed upon the lands sold or unsold the trial court should follow the judgment of February 28, 1903, and determine the rights of parties on the basis of the value of the land in its raw and unimproved state at that time, and, if any of the 1,759 acres shall be set apart to appellant, Gurley, the value of the improvements thereon at the time the trial court enters its judgment should be ascertained and judgment entered in favor of the appellees for the amount, with reasonable time allowed for payment, and providing for the sale of sufficient land to pay the value of the improvements if necessary.

[6] With respect to the matter of allowing interest upon the judgment and charging the Hanrick heirs with the rents upon the land, we hold that under ordinary circumstances both claims should be taken into consideration in ascertaining the rights of the parties, but as the judgment is silent as to interest, and as the undisputed facts show that the owners of the judgment have had full use of the land and have enjoyed its rents at all times since the judgment was entered and no provision is made in the judgment with respect to the future rents, we are of opinion that in this case both claims should be disregarded.

[7] Since the judgment we are attempting to execute simply directs that a sufficient amount of land at its then value should be set apart to the E. G. Hanrick heirs to make a given amount of money, it was doubtless contemplated that the judgment would be immediately executed, and, had this been done, no injustice would have been done either party, but, as appellant and appellees both appealed from that judgment, any injury that has resulted to them from the long delay in its execution must be borne by them as the result of their own conduct.

[8] Under the agreement entered into by the parties at the trial that the action of the commissioners was correct in charging each interest with certain tracts and parcels which had been conveyed, except wherein it

might be shown otherwise, we find that in all respects the report of the commissioners in stating the account between the parties should be confirmed except with respect to what is known as the Goodrich & Clarkson tract of 1,625 acres, and judgment will be entered directing the trial court to charge appellant and appellees with the different tracts as shown in the commissioners' report except this 1,625-acre tract. With respect to the action of the trial court in submitting to the jury as a special issue to determine whether this Goodrich & Clarkson tract should be charged against E. J. Gurley or the E. G. Hanrick interest as having been conveyed for the benefit of one or the other, it is necessary to make additional findings upon this point, which we do, as follows:

(1) We find that Gurley, by vested right, owned an undivided one-third interest in all of the lands under a written contract made with the ancestor, Edward Hanrick.

(2) We further find that under a written contract E. G. Hanrick agreed to convey to the said Gurley and to Goodrich & Clarkson an undivided one-sixth interest in his personal share of the estate. This conveyance was made in connection with the employment of the said Gurley and Goodrich & Clarkson to represent the interest of said Hanrick in opposition to the claim of the alien heirs, and in this contract Gurley agreed to relinquish to Goodrich & Clarkson his interest in the said one-sixth in payment of services rendered and to be rendered by Goodrich & Clarkson in all litigation with respect to Hanrick's lands. The third paragraph of the agreement is as follows: "The said one-sixth interest thus secured to Goodrich & Clarkson to be taken out of E. G. Hanrick's interest in said lands, after deducting the one-third interest which belongs to Gurley."

(3) The commissioners first charged this tract against the E. G. Hanrick interest, but, upon exceptions being made to the report, the court submitted to the jury the issue as to whether this land had been conveyed for the sole benefit of Gurley or the sole benefit of Hanrick.

The above writing was read in evidence, and Gurley contended that it was conclusive upon the point. In opposition to this contention the E. G. Hanrick heirs introduced in evidence certain statements made by Gurley while testifying in other cases, in substance, that the Goodrich & Clarkson tract had been conveyed to them for services rendered as attorneys in litigation generally, and had come out of his part.

In view of the fact that Gurley had a vested interest conveyed to him by the ancestor, and there being no claim that a new contract had been made by which Gurley had agreed to convey to Goodrich & Clarkson a part of his original fee, and no claim that the contract of 1882 was invalid for any

reason or had been rescinded by the parties, we hold as a matter of law that nothing short of a contract in writing meeting the requirements of the statute of frauds could change the agreement entered into in 1882, and the only question that can arise is whether the lands conveyed to Goodrich & Clarkson amounted to more than one-sixth of the E. G. Hanrick interest in all of the land. Accepting the statement contained in appellee's brief that the Hanrick interest in both grants, after making all proper deductions, amounted to 9,842 acres, we find that the tract of land conveyed to Goodrich & Clarkson was not in excess of one-sixth of this amount. We therefore hold that there was no legal evidence before the court warranting the submission of the issue and justifying the court in charging Gurley with the 1,625 acres conveyed to Goodrich & Clarkson, and that this tract should be charged back to the Hanrick interest.

All other assignments of error and propositions have been duly considered, but we do not find it necessary to pass upon the same in view of what we have stated herein, and the judgment which will be entered in accordance with this opinion.

The judgment of the trial court will be affirmed in all respects wherein the same relates to all other parties to the suit except appellant, E. J. Gurley, and appellees R. A. Hanrick, Nannie Hanrick Coleman, and her husband, ——— Coleman, and as to these the said judgment will be reversed with instructions to the district court of Falls county to proceed with the execution of the judgment of February 28, 1903, in accordance with the rights of parties as set forth in this opinion, and judgment will be entered accordingly.

KEY, C. J., and RICE, J., being disqualified, T. B. COCHRAN was appointed Special Chief Justice, and WILL G. BARBER Special Associate Justice in their stead.

## On Rehearing.

COCHRAN, Special Chief Justice. In overruling the motion for rehearing filed by the appellees, the E. G. Hanrick heirs, we submit the following in addition to the findings of fact and conclusions of law stated in our original opinion:

(1) In the pleadings of E. G. Hanrick used at the trial in 1898, and upon which the judgment was rendered as affirmed by the Supreme Court in 93 Tex. 458, 54 S. W. 347, 55 S. W. 119, 56 S. W. 330, it appears that said Hanrick in setting up the rights of Gurley to an undivided one-third interest in the land alleged that Gurley's rights originated in a written contract signed by Edward Hanrick the ancestor in 1861, and, after stating the services rendered by Gurley, this part of the answer concludes with the following paragraph: "Nor has the

said Gurley received for his said services since the year 1858 up to this time or for the said lawyer's fees paid by him anything whatever except said one-third interest in said land, all of which is and should be a common burden and charge upon the interest of all the heirs to said estate, and their assigns and should set off to said Gurley before partition among themselves." The answer of the said E. G. Hanrick was adopted by the said appellees as his heirs when they became parties and under which the trial of 1903 was had, eventuating in the judgment which is now attacked by appellees as being void.

(2) The answer of Gurley, filed on the same day that E. G. Hanrick's was filed, August 15, 1895, contains the following paragraph: "And the defendant, E. J. Gurley, comes and specially adopts sections 16 to 18, inclusive, of the answer of his codefendant E. G. Hanrick (being the part of Hanrick's answer setting up his rights), reiterates the same, and alleges that all the facts therein pleaded are true, pleads the same by way of reconvention and cross-bill, and prays for affirmative relief thereon and that his title be quieted, and that he have general relief."

(3) In the answer of said Hanrick after setting out his account for money expended, and for which judgment was subsequently rendered in his favor, and under which what is known as the compensation tract of 1,759 acres was set aside to his heirs, it appears that Hanrick specially pleaded the value of the improvements placed by him upon this tract amounted to $12,275, and this part of his answer concludes as follows: "Wherefore, he says that if it be determined that the plaintiffs or the defendants Brady and O'Brien and wife are entitled to have a partition of said land, that the land so improved and occupied by him be set off to him as a part of his share in said partition, and, if this cannot be done in justice to his cotenants, that he be allowed the value of his improvements."

(4) The answer of said Hanrick concludes with a general prayer for relief as follows: "Whereupon this defendant prays that if upon a partition of the premises in controversy any one or more of the parties defendants hereto or plaintiffs * * * that the lands improved by him be set off to him, and, in case that cannot be done, that he have and recover the value of said improvements from the person to whom said improvements are adjudged, and, as to the taxes and expenses paid by him as above set out, he pleads the same in reconvention against all the parties to this suit, and prays for judgment as to them, and that the same be made a lien upon the shares of the parties to this suit who may recover against him." We make these further findings as furnishing additional support to our con-

clusion that the judgment of 1903 was responsive to the issues before the court for adjudication as made by the pleadings of the parties, and is neither void nor voidable, as claimed by appellees. It will be seen that E. G. Hanrick in his answer claimed that Gurley had a superior right to one-third of the land, which he claimed should be set off to Gurley before there should be any partition of the land between himself and the other heirs; and in his own behalf set up his improvements upon what is known as the "Compensation Tract," and specially prayed that this tract be set off to him, and in the event any part of the same was set off to any other party to the suit, whether plaintiff or defendant, that he recover the value of his improvements from the person to whom the same might be adjudged, and also prayed for judgment upon his expense account as against all parties to the suit.

While we adhere to our conclusion of law that in a partition suit under the statute referred to in our opinion, it is proper for the court to ascertain and determine the rights of the defendants, and to make partition between them without any special pleading asking for partition, we submit that the answer of Hanrick in this case under any proper rule of pleading was sufficient to raise the issue therein made, and to call for adjudication by the court of the rights with respect thereto, as was done in the judgment of the court in this case. We may ask how could there be a judgment entered in favor of Hanrick for the tract improved by him unless there was a full adjustment of the rights of all other parties to the suit, including Gurley, and it will be noted that the prayer made in behalf of Hanrick for this tract was that if any part of it should be set apart to any other party to the suit, plaintiff or defendant, that he have a judgment for the value of his improvements as against the person to whom the same might be allotted, and in response to this prayer judgment was entered protecting Hanrick's rights with respect to his improvements. Our construction of the statute is not at variance with the decisions which hold that where defendants ask that there be no partition between them that the court should respect their wishes and make the partition in behalf of the plaintiffs, leaving the defendants to hold their lands jointly where this can be done in justice to the rights of all parties. With respect to our ruling that there was no legal evidence before the trial court authorizing it to change the report of the commissioners charging the E. G. Hanrick interest with 1,625 acres conveyed by him and Gurley to Goodrich & Clarkson, and that the written contract read in evidence, in which Hanrick gave to Gurley and Goodrich & Clarkson one-sixth of his interest in

the estate as a fee to represent him in opposition to the claims of the alien heirs was conclusive under the facts in this case, we refer to the decision of our Supreme Court in the cases of Dial v. Crane, 10 Tex. 444, and Sanborn v. Murphy, 86 Tex. 437, 25 S. W. 610, as supporting this ruling.

We have fully considered all matters complained of by appellees in their motion for rehearing, and, finding no merit therein, overrule the said motion.

In response to the motion for more specific instructions filed by appellant, Gurley, we find that we were in error in stating that the report of the commissioners should be confirmed as being based upon a proper adjustment of the equities existing between Gurley and the Hanrick heirs, and we therefore set aside our action in confirming said report in this respect, but we hold that under the agreements made by the parties at the trial and the undisputed evidence the report of the said commissioner should be confirmed and made final in so far as it sets apart land to all other parties to the suit, and in setting apart to Gurley and the Hanrick heirs jointly the land described in Exhibits A and D, to the end that there may be an accounting between them of the amounts received by each from the different sales and transfers therein shown, and that each interest may be charged with its ratable quantity of land in proportion to the division of the proceeds, where there was a division, and that each may be charged with the tract in its entirety where it shall appear that the proceeds from such tract were appropriated by one or the other.

[9] And, if appellant, Gurley, shall be found entitled to any part of the 1,759-acre tract, he should not be charged with the value of any improvements placed thereon since the judgment of February 18, 1903.

[10] In stating the account, the value of the several tracts so set apart to Gurley and the E. G. Hanrick heirs should be determined according to the standard fixed by the decree of 1903, without regard to the amount received therefor at the time the transfer was made, charging the E. G. Hanrick interest with the value of the entire 1,625 acres conveyed to Goodrich and Clarkson as above stated, and charging Gurley with the 4,113 acres on the Zarza grant set apart for his use.

[11] As the case will be reversed for further trial, we find it necessary to pass upon the question presented by appellant, Gurley, as to the action of the trial court in excluding the deeds executed by the Hanrick heirs to L. W. Goodrich, conveying their interest in the 1,759-acre tract, set aside in satisfaction of the moneyed judgment rendered in their favor, and transferring their interest in the said judgment, and in not permitting appellant, Gurley, to testify as a witness in his own behalf as to statements made by and as to transactions with the said E. G. Hanrick. It appears that these deeds were without warranty, and that the parties had agreed that Hanrick and Gurley had disposed of all the lands set apart to them, that neither disputed the validity of any of such sales, and it is thus made to appear that this 1,759-acre tract was made the entire subject-matter of the controversy now before the court for adjudication. It appears from the record that by proper pleading, if such a plea was necessary, appellant, Gurley, had alleged the execution of these deeds to Goodrich, and claimed that the heirs of Hanrick were only nominal parties, having no further interest in this tract of land, or in the judgment of contribution. It appears that L. W. Goodrich had previously intervened in the suit, and at the trial over Gurley's objection and on his own motion and the motion of the Hanrick heirs he was permitted to withdraw from the case. All of these rulings of the court are properly presented by bills of exceptions.

Under the facts shown by the record, we are of opinion that the court erred in permitting appellee Goodrich to withdraw from the case, and in excluding the testimony of appellant, Gurley, with respect to all transactions had between him and E. G. Hanrick, deceased. As all matters at issue center in the 1,759-acre tract, the sale by the Hanrick heirs of their interest in this tract pendente lite rendered them mere trustees for the purchaser for the purpose of conducting the litigation to its final issue in his behalf, as is held in the case of Lee v. Salinas, 15 Tex. 495, and, if judgment should be rendered against them, it would not be as heirs of Hanrick in their own interest, but in substance and in effect as trustees for Goodrich. It has been held in a number of cases that, where a party to the record disclaimed all interest in the suit, such disclaimer restored his right to testify, notwithstanding his name may remain technically as a party to the record.

In Oury v. Saunders, 77 Tex. 278, 13 S. W. 1030, it is held that, where it was alleged and shown that an original defendant had pending the suit conveyed all interest which he had in the suit to the plaintiff without warranty, this showing removed the disqualifications of the statute. As our statute (Rev. St. 1895, art. 2300) declares that no person shall be incompetent to testify because he is a party to the suit or interested in the issue tried, we hold that the exceptions declared in article 2302, that in actions by or against executors, administrators, or guardians or the heirs and legal representatives of a decedent neither party shall be allowed to testify against the other as to any transactions with or statements by the decedent or ward, should not be held to apply to a case when the party whose presence disqualifies has parted with all interest in the sub-

ject-matter of the suit and has become a mere nominal party, litigating as a trustee for the purchaser. This exception to the statute was intended to protect the estate of deceased persons and minors against possible fraud and wrong, and should not be extended to a case which does not fall within its spirit or intent. As the purchaser Goodrich was a party before the court when the issue was made that the Hanrick heirs were nominal parties, and is made a party to this appeal, we hold that the trial court erred in permitting him to withdraw from the case, and the judgment in this respect will be reversed and said Goodrich reinstated as a party to the record.

In all other respects we adhere to the conclusions announced in our original opinion, and the judgment of the trial court will be affirmed in all respects wherein the same relates to all other parties to the suit except the appellant, E. J. Gurley, and the appellees R. A. Hanrick and Nannie Hanrick Coleman and husband, H. M. Coleman, and L. W. Goodrich, and as to these the said judgment will be reversed, with instructions to the district court of Falls county to proceed with the execution of its judgment of February 28, 1903, in accordance with the rights of parties as set forth in our original opinion and in this opinion, and judgment will be entered accordingly.