RICHARDSON v. TROUT et al.†

(Court of Civil Appeals of Texas. Feb. 9, 1911. Rehearing Denied March 23, 1911.)

1. JUDGMENT (§ 725*)—CONCLUSIVENESS—PARTICULAR ACTIONS—PARTITION—STATUTES.

Sayles' Ann. Civ. St. 1897, art. 3607, provides that the petition for partition shall state the share or interest of claimants so far as known to the petitioner and a description of the property; article 3610 provides that the

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court April 19, 1911.

court shall determine the share or interest of each claimant in the land; and article 3625 provides that the decree confirming partition shall vest the title in each party to whom a share has been allotted, to such share as against the other parties, their heirs and assigns, as effectually as a full warranty deed of such parties could vest the same. Plaintiff, in trespass to try title, was a minor at the death of her father, and was entitled to one-half of the community property and to all of her father's separate estate, subject to the life interest and homestead rights of her stepmother; and by her guardian she then petitioned for partition, claiming an undivided one-half interest in all the property, including the separate estate, and erroneously alleging that she was an equal owner of such property with her stepmother. An actual partition was made, as prayed, and confirmed, and the parties took possession of the shares allotted them, and after the stepmother's death plaintiff claimed reversion in her share and against her heirs. *Held*, that the decree of partition was res judicata as to plaintiff's rights and interests in the property involved.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1255; Dec. Dig. § 725.*]

2. JUDGMENT (§ 526*) — CONSTRUCTION—CONSTRUCTION WITH REFERENCE TO PROCEEDINGS.

Judgments should be construed like other writings, and a proper interpretation is aided by having recourse to the pleadings for a statement of their rights and claims.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 969; Dec. Dig. § 526.*]

3. JUDGMENT (§ 713*)—CONCLUSIVENESS—MATTERS CONCLUDED — EXTENT OF ESTOPPEL — MATTERS WHICH MIGHT HAVE BEEN LITIGATED.

A judgment is conclusive not only as to the very questions which were decided, but of all subsidiary issues which must necessarily have been determined preliminary to its rendition.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1234–1241; Dec. Dig. § 713.*]

4. JUDGMENT (§ 747*)—CONCLUSIVENESS—PARTICULAR ACTIONS—PARTITION.

A judgment of partition operates by way of estoppel on the parties to the suit and prevents any of them from again litigating any of the issues then presented for decision, and which unnecessarily entered into the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1284–1296; Dec. Dig. § 747.*]

Appeal from District Court, Fannin County; Ben H. Denton, Judge.

Action of trespass to try title by Lula Richardson against Joe H. Trout and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Richard B. Semple, for appellant. Thurmond & Steger and Thos. P. Steger, for appellees.

HODGES, J. In July, 1908, the appellant, Lula Richardson, instituted this suit in the district court of Fannin county against the appellees in the form of an action of trespass to try title, seeking the recovery of 210 acres of land in the Francis Williams survey. From a judgment rendered in favor of the appellees, defendants below, the plaintiff appeals.

Appellant claimed title to the land by inheritance from her deceased father, Basil Jones. According to the court's findings, the following facts were established by the evidence: Basil Jones was twice married, and the appellant is the child of the first marriage, and was at the time of his death his only surviving heir except the widow of the second marriage. Jones' first wife died in 1866. In 1871 he married a Mrs. M. A. Coulter, with whom he lived till the date of his death in 1880. There were no children of that marriage. The second wife died in 1908, and the appellees claim as her heirs. At the date of his death Jones left an estate consisting of real and personal property, all of which belonged to the community of himself and last wife except 429 acres of the Francis Williams survey, which was his separate property. Appellant was a minor over 14 years of age when her father died. In February of the following year J. M. Caudill was appointed guardian of her estate by the county court of Fannin county. Soon after his appointment Caudill filed in the district court of Fannin county a petition, alleging, in substance, that his ward and her stepmother, Mrs. Jones, were joint owners of equal shares in certain personal and real property therein described, including the 429 acres of the Williams survey, and asking for partition. Mrs. Jones waived the service of a citation, entered her appearance, and joined in the request for partition. Commissioners were appointed, with instructions to divide the property described in the plaintiff's petition equally between the parties. In pursuance of these instructions, the commissioners divided the Williams tract of land into two parts, one of 210 acres and the other of 219 acres. The former was allotted to the widow, and the latter to the guardian as the property of the appellant. Equal division seems to have been made of the remainder of the property. The report was approved by the court. A fence was run on the line designated by the commissioners, dividing the 429-acre tract; and Mrs. Jones took possession of the 210 acres, claiming it as her own in fee simple up to the time of her death in 1908. Caudill, as the guardian of the appellant, took possession of the 219 acres, which has been used continuously by the appellant since that time. In 1882 the appellant married and remained so until the death of her husband in 1900, since which time she has been a widow. The 210 acres allotted to Mrs. Jones in that partition is the land in controversy.

Appellant claims that the land which had been allotted to her stepmother was the separate property of her father, and as such passed to her, the appellant, by inheritance, subject only to the life interest and homestead rights of the widow; and that the partition decree should be construed as having awarded to Mrs. Jones only a life estate, and not in any manner impairing her rever-

sionary rights. It is also alleged that, if it should be held that the partition decree did dispose of appellant's reversionary interests in the property, then it was procured by fraud and mutual mistake.

After general denial and plea of not guilty, appellees allege that they are the heirs at law of the last wife of Basil Jones, to whom the land was allotted in the partition decree before referred to. They plead that judgment as res adjudicata of the issues now presented; also, limitation and estoppel.

There was no evidence to support the charge of fraud in procuring the judgment, nor is there any basis for setting it aside on the ground of mistake. Whatever right there may have been to pursue either of those remedies has long since been barred by the lapse of time. The controversy is narrowed to the following issues: Is that partition decree res adjudicata of the question of title here involved, and does it operate as a bar to this suit? Or, if not in itself a bar on account of some irregularity in its procurement, does it form a sufficient basis for the beginning of an adverse possession by Mrs. Jones, the ancestor of the appellees, which might ripen into a title by limitation? The trial court decided both of those issues in favor of the appellees, and also held that under the evidence the appellant is now estopped to question the validity of that decree, because of her long acquiescence in and acceptance of its terms. Without reference to any other questions, we think the judgment of the trial court should be sustained upon the ground that the partition decree involved the determination of the very issues which it was called upon to decide in this suit, and was properly treated as a bar to any further controversy upon that subject.

Judgments should be construed like other writings, and a proper interpretation is aided by having recourse to the pleadings of the parties for a statement of their rights and the ends sought to be accomplished. Craddock v. Edwards, 81 Tex. 609, 17 S. W. 228; 1 Black on Judg. §§ 116, 118, 123. At the death of Basil Jones the rights of the parties stood thus: His widow was entitled to one-half of all the community property belonging to his estate, a one-third life interest in his separate realty, and a possessory right to the homestead for life. His daughter, Lula Jones, the appellant here, as his only child, was entitled to the remaining half of the community property and to all her father's separate estate, subject to the life interest and homestead rights of her stepmother. By the death of Jones these parties became tenants in common, holding the rights above stated; and might have had a partition, provided there was property in excess of that in which the widow was entitled to a life interest.

The petition of Caudill as guardian of the appellant (omitting the formal part) is as follows: "Plaintiff alleges that said minor (re-

ferring to the appellant) is the legal owner with M. A. Jones (her stepmother) of an undivided one-half interest in the following described real and personal property." Then follows a description of all the property of which Jones was possessed, including the 429 acres of the Francis Williams survey claimed as his separate property. It then proceeds: "Plaintiff alleges that said minor is an equal owner with said Jones of the above-described real and personal property; that the same is undivided and in the possession of said Jones." Then follows the prayer for the appointment of commissioners and the appropriate judgment. Mrs. Jones indorsed upon the citation a waiver of service. She also filed the following answer: "Now at this term of the district court comes the defendant in person and alleges that the plaintiff and defendant are owners in common of the real and personal property embraced and set out in plaintiff's petition, and asks the court to grant the prayer of the plaintiff that commissioners be appointed according to law to divide said property, and that the cost herein be adjudged against both plaintiff and defendant equally, and will ever pray." At the same term of the court the following order was entered: "This day came plaintiff by his attorney, and, the defendant in her answer having joined in the prayer of plaintiff's petition, it is ordered by the court that Alford Hart, Robert J. Gray, and D. D. McDaniel be and they are hereby appointed commissioners to partition and divide the real and personal property described in plaintiff's petition; and that they divide the same into two equal parts according to quantity and quality, giving to plaintiff one-half and the defendant one-half; and that they report at this term of the court." The commissioners thereafter filed a report, in which they stated that they had made an equal division of all the property, both real and personal, including the land in controversy, between the parties to the suit. It is shown by that report that the 429 acres of the Francis Williams survey was divided into two tracts, as before stated; one of 210 acres allotted to Mrs. Jones, and the other of 219 acres allotted to Caudill as guardian. The court thereupon entered the following order: "This day came the parties by their attorneys, and then came on to be heard the report of the commissioners appointed at a former day of this term of the court to partition and divide the property in controversy in this suit; and, it appearing to the court that there is no objection to said report, it is ordered, adjudged, and decreed by the court that the report be and the same is hereby confirmed and approved, and that the defendant M. A. Jones do have and recover of plaintiff J. M. Caudill, as guardian of Lula Jones, the following described tracts of land, to wit"—among which is included the 210 acres now in controversy. "It is also adjudged that the plaintiff Caudill, as guard-

ian of Lula Jones, do have and recover of the defendant M. A. Jones the following described tract, to wit." Then follows description of other property, not necessary to mention.

Article 3607 of the Revised Civil Statutes provides that in proceedings for partition the petition is required to state: (1) The name and residence, if known, of each of the other joint owners, or joint claimants, of the real estate; (2) the share, or interest, which the plaintiff and the other joint owners, or claimants, of said real estate own, or claim, so far as they be known to the plaintiff; (3) the description of the property. Article 3610 provides that upon the hearing of the case the court shall determine: (1) The share, or interest, of each of the joint owners, or claimants, in the real estate sought to be divided, and (2) all questions of law or equity affecting the title to such real estate or any part thereof, which may arise. Article 3625 provides as follows: "The decree of the court confirming the report of the commissioners in partition, when a partition has been made, shall vest the title in each party to whom a share has been allotted, to such share as against the other parties to such partition suit, their heirs, executors, administrators or assigns, as fully and effectually as the deed of such parties could vest the same, and shall have the same force and effect as a full warranty deed of conveyance from such other parties and each of them."

The pleadings in the suit for partition are susceptible of but one construction; and that is as alleging that the parties, the appellant and her stepmother, owned the whole of the estate in the property described, and that their shares in each of the articles of personal property, and in each of the different tracts of land described, including the Williams survey now shown to have belonged to Basil Jones' separate estate, were equal in every respect. This may have been a misstatement of the relative interests of the parties, and evidently was, in view of the testimony in the present record; but it was an issue which the court had to settle, or assume had been settled, in thereafter making the distribution. In either event the final decree necessarily rested upon the previous determination of those rights. Had there been a dispute between the parties as to their respective shares, or interests, it would then have devolved upon the court to hear evidence upon that issue and settle those questions before proceeding to make a distribution of the property. Had this course been pursued, there could now be no doubt about the conclusiveness of the partition decree, not only as to the distribution of the shares, but of the quantity of the estate embraced in those shares as well. When the parties by their admissions and agreements relieved the court of the necessity of making an inquiry into those facts and authorized the assumption that those stated were true, such admissions became as much an ingredient in the premises, upon which the judicial conclusion thereafter rendered was based, as would evidence, had any been offered in their stead. We understand the rule to be that a judgment is not only conclusive as to the very question which the court decides, but of all subsidiary issues which must necessarily have been determined as a prerequisite to its rendition. Freeman on Judg. § 256; Nichols v. Dibrell, 61 Tex. 540; Henrick v. Gurley, 93 Tex. 479, 54 S. W. 347, 55 S. W. 119, 56 S. W. 330. If in a collateral proceeding the parties may again try their respective titles to their distributive shares, then a partition decree is never safe from disturbance unless preceded by an express adjudication of the title. While judgments of partition may not be intended to divest title out of one and confer it upon another, it is nevertheless declaratory of the quantity of estate and the interest which each joint owner has in the subject-matter of that suit, and should be as conclusive upon those issues as would be any other judicial determination. Mr. Freeman, in his work on Judgments (section 257), says: "It is not necessary to the conclusiveness of the former judgment that the issue should have been taken upon the precise point which it is proposed to controvert in the collateral action. It is sufficient if that point was essential to the former judgment. 'Every point which has been either expressly or by necessary implication in issue, which must necessarily have been decided in order to support the judgment or decree, is concluded.' 'It is allowable to reason back from a judgment to the basis on which it stands, upon the obvious principle that, where a conclusion is indisputable, and could have been drawn only from certain premises, the premises are equally conclusive and indisputable with the conclusion. But such an inference must be inevitable, or it cannot be drawn.' " Again, in section 304, he uses this language: "All questions of title and of possession may be finally determined in a suit for partition. A judgment in such a suit establishes the title to the land partitioned, and is conclusive upon any adverse claim of title, or of possession, existing at the date of its rendition. The law requires the court to ascertain and determine the rights of the parties, and makes it the duty of the parties to disclose their adverse claims. The decree necessarily affirms that the parties to it are tenants in common, joint tenants, or coparceners." The same author, in his work on Cotenancy and Partition (section 531), says: "It is perhaps unfortunate that some judges so often remark that partition confers no new title, but only divides that which the parties previously possessed, because the remark justifies the inference that a judgment in partition has little or no effect upon the title. The truth is that a judgment in partition is as conclusive as any other. It does not create or manufacture a title, nor divest the title

of any one not actually or constructively a party to the suit, but it operates by way of estoppel. It prevents any of the parties from relitigating any of the issues presented for decision, and the decision of which necessarily entered into the judgment, and it divests all titles held by any of the parties at the institution of the suit." See, also, Gillett v. Lee, 2 Posey, Unrep. Cas. 743; Ivey v. Harrell, 1 Tex. Civ. App. 226, 20 S. W. 775; Pearce v. Jackson, 84 Tex. 516, 19 S. W. 690; 2 Black on Judg. §§ 660, 661.

No question is raised as to the binding effect of the partition decree because of the fact that appellant was not in person a party to the proceeding. While she was not named as a party before the court, yet she was designated as the real party in interest and for whom the partition was sought; and the action was by her guardian, the one legally authorized to bring suits for her benefit. In any event, she married during the following year after the rendition of the judgment, and could thereafter have asserted whatever rights she may have been thereby deprived of. She failed to take any action, but acquiesced in the distribution made and accepted that portion which had been allotted to her, knowing that her stepmother was claiming a fee-simple estate in that which she had received.

The judgment of partition did not purport to segregate the homestead interest and life estate of Mrs. Jones in the separate realty of her husband from the remainder of the property, and hence did not have that effect. It was either a distribution upon the basis of an equal fee-simple ownership in both of the claimants, or it was a nullity. If a nullity, then it left the two joint owners as tenants in common to all of the property, with each asserting an exclusive right to distinct portions. The rules governing their rights and the conditions which may put in operation the statute of limitation in favor of one tenant in common, against another, were discussed by this court in Honea v. Arledge, 120 S. W. 508. The rules which protect the reversion from the hostile claim of the life tenant are not applicable here.

The judgment is affirmed.