### DEAN v. DEAN et al.

(Court of Civil Appeals of Texas. Texarkana. March 6, 1914. Rehearing Denied March 19, 1914.)

1. JUDGMENT (§ 747*)—CONCLUSIVENESS—PARTITION—FRAUD.

Since, under Rev. St. 1911, art. 6115, a judicial partition finally adjudicates the rights of the parties, a partition judgment would be valid and conclusive, even on direct attack, as against a bona fide purchaser of the property from the person who bought at the partition sale, though the judgment was procured by the fraudulent representations of another with respect to the property partitioned.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1053, 1284–1296; Dec. Dig. § 747.*]

2. JUDGMENT (§ 251*) — DAMAGES — ALLEGATIONS.

Where the petition, in an action to set aside a partition judgment for fraud by defendant in procuring it, alleged that title did not pass at the partition sale to defendant, or to the purchasers from him, because of such fraud, plaintiff cannot recover damages against defendant for the value of the land, or the price he sold it for.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 437; Dec. Dig. § 251.*]

3. JUDGMENT (§ 350*)—VACATING—GROUNDS—WANT OF SERVICE.

A failure to serve process on defendant, or the making of service in a manner not in substantial accordance with the statute, is, as a rule, ground for vacating a judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 686, 688, 690; Dec. Dig. § 350.*]

4. JUDGMENT (§ 392*)—ACTIONS TO VACATE—EVIDENCE.

On a direct attack on a judgment, as for want of service, etc., it may be shown by extrinsic evidence that one part of the record contradicts another part, so that a recital of service or want of service in a judgment may be contradicted by producing the original summons and return.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 750, 753, 754; Dec. Dig. § 392.*]

5. JUDGMENT (§ 383*)—DIRECT ATTACK—PERSONS PROTECTED.

While, if citation was not served upon minor defendants in a partition action, the judgment would be invalid on direct attack as to the parties to the judgment, bona fide purchasers from such parties will be protected where the judgment recites service, though the judgment be invalid for want of service.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 383.*]

6. JUDGMENT (§ 394*)—CONCLUSIVENESS—PERSONS CONCLUDED.

In an action to set aside a partition judgment for fraud in procuring it, and for want of service on infant defendants, the rights of the holders of notes given in part payment of the land at the partition sale, who were not parties to the action, cannot be determined.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 756; Dec. Dig. § 394.*]

Appeal from District Court, Smith County; R. W. Simpson, Judge.

Original proceeding by E. W. Dean against R. A. Dean and others to set aside a judgment in a partition suit. From a judgment for defendants, plaintiff appeals. Reversed and remanded as to all of defendants except J. W. Venable, as to whom judgment is affirmed.

In August, 1905, there was filed in the district court of Smith county a suit for partition of 140 acres of land. R. A. Dean was plaintiff in the suit, and Fannie, Edna, Ernest, and Murchison Dean and John Thomas were defendants therein. The petition alleged that the four named Deans were minors, and John Thomas was the legally appointed guardian of the minors, and all were residing in the state of Arkansas, and that both the plaintiff and the defendants were tenants in common of the land, and sought to have it partitioned amongst them as the interests of plaintiff and defendants appeared. The judgment in the suit had the recital, "And it appearing to the court that Fannie, Edna, Ernest, and Murchison Dean are minors without legal guardian in the state, N. A. Gentry is hereby appointed guardian ad litem, and it further appearing that all parties have been duly served as required by law," and proceeded to decree that R. A. Dean was entitled to a six-sevenths interest in the land, and the defendants were entitled to a one-seventh interest, and that the land was incapable of partition, and appointed a receiver to sell it. The report of the receiver showed that the land was sold to R. A. Dean for $214.25, which amount was deposited in court. The appellant has never taken possession of his part of the money, and it is still in the hands of the clerk. The report of the receiver was approved by the court, and title decreed to be vested in the purchaser. In 1910 R. A. Dean conveyed

53 acres of the land to W. T. Griffin for the recited consideration of $214.25 cash, and three notes aggregating $285.75. And R. A. Dean in 1910 conveyed to J. W. Venable the remaining 87 acres of the land for the recited consideration of $200 cash and four notes, each for $200. The instant suit, and in which this appeal is prosecuted, is an original proceeding brought by Ernest W. Dean to cancel and set aside the judgment in the suit for partition above mentioned, and then to recover the entire 140 acres of land. W. T. Griffin and J. W. Venable, purchasers of the land under R. A. Dean, are made defendants, besides the said Dean heirs and R. A. Dean. The petition alleged that the judgment in the partition suit was void because at the time of the partition judgment plaintiff was a minor without a guardian residing in Arkansas, and that no citation was served on him, and that M. J. Dean, grandfather of the plaintiff, prior to his death in August, 1899, conveyed the land to plaintiff by deed, and the deed was fraudulently concealed by R. A. Dean, and that Dean, Griffin, and Venable each knew that the land had been conveyed to plaintiff, and knew that the representations in the partition suit and judgment that R. A. Dean was entitled to six-sevenths and the defendants therein to one-seventh of the land were false and fraudulently made and untrue. Mrs. Fannie Shores, who was a defendant, answering, adopted appellant's pleadings; but she does not appeal. Defendant R. A. Dean disclaimed any interest. The defendants Griffin and Venable answered that they were purchasers of the land in good faith, for a valuable consideration, without any knowledge that a conveyance had been made to plaintiff, and believing that the judgment in partition was in conformity with law, and, further, that if a conveyance was made to plaintiff, as alleged by him, it was never delivered or intended to vest title. Upon the conclusion of the evidence the court directed a verdict for the defendants.

It appears from the record that M. J. Dean, the grandfather of appellant, was the former owner of the land in suit. At his death, in 1903, he left surviving him six grown children, and four minor grandchildren, the heirs of his deceased son Walter. After the death of M. J. Dean five of the grown children believing they had an inheritable interest, executed a deed to their undivided inherited interest in the land to their brother R. A. Dean. There was no consideration for the execution of the deed, and it was made for the sole purpose of putting the apparent legal title of M. J. Dean, deceased, in R. A. Dean, for convenience in partition and sale. It was on this deed that R. A. Dean obtained the decree, in the partition suit mentioned before, of a six-sevenths interest in the land. There is evidence in the record going to show that M. J. Dean caused to be written a deed, with warranty of title, conveying on its face the land in controversy in fee simple, on August 25, 1899, to "Ernest Dean, heir of Walter E. Dean, deceased." This deed appears signed by M. J. Dean of date August 25, 1899, and attested by three witnesses. It was not acknowledged nor recorded. And there is evidence tending to show that in the deed as originally drawn up there was also inserted, but subsequently erased at a time not given, the name of Fannie Dean as a grantee. After signing the deed, M. J. Dean retained possession of it, and deposited it with his effects in his house, where it was found at his death. And the facts and circumstances further appearing in the record tend to make an issue of fact to the effect of the intention of M. J. Dean to effectuate delivery of the deed to vest title in the appellant, or the appellant and his sister. And the evidence tends to make the further issue that R. A. Dean knew of the existence of the deed before partition suit was filed, and kept possession of and failed to disclose its existence before or at the time of the partition suit. The evidence does not disclose or tend to disclose that Venable knew of the deed before or at the time of his purchase under R. A. Dean, or had any notice of the alleged conduct of R. A. Dean in respect to the deed. The evidence is as conclusive as to Griffin. There is evidence to show, further, that the cash consideration cited in the deed to Griffin from R. A. Dean was not in fact cash, but represented the estimated value of his wife's inherited interest. At the time of the partition suit and the decree therein and sale of the land the defendant Deans named in the partition judgment, and grandchildren of M. J. Dean, were each minors residing with their mother in the state of Arkansas. It is made to appear, on one hand, that a citation in the partition suit to the minor defendants was sent to Arkansas, and there was a sworn return of service in person on each minor. It is made to appear, on the other hand, that the citation was merely left at the residence where the minors resided, and the minors were not in fact served personally. The notes executed by Griffin and Venable to R. A. Dean for the land were hypothecated before maturity to an innocent holder, who is not a party to this suit.

Lasseter & McIlwaine and N. A. Gentry, all of Tyler, for appellant. Fitzgerald, Butler & Bulloch, of Tyler, for appellees.

LEVY, J. (after stating the facts as above). [1, 2] The first assignment, predicating error upon the court's peremptorily instructing a verdict against plaintiffs, should, we conclude, be sustained in part as to all defendants except the defendant Venable, and as to him it should be overruled. It should be held, we think, that there is evidence sufficient to raise an issue for decision by the jury of the intention of M. J. Dean

to effectuate delivery of the deed to pass title to appellant, or to appellant and his sister. Being in the attitude of an owner, under the issue, of the entire tract at the time of the partition suit, then appellant would further be entitled, if the evidence warranted the issue, to have the jury find whether or not the judgment of partition was obtained by the alleged fraudulent conduct practiced by R. A. Dean in respect to the concealment of the real facts about the conveyance to appellant, and whether or not the purchasers, Griffin and Venable, had knowledge of such conduct and fraud of R. A. Dean. It is believed, however, that notwithstanding a favorable finding to appellant by the jury be here assumed by the court—that appellant was the owner by deed, and was prevented by the alleged fraudulent conduct of R. A. Dean from advancing his title against any partition judgment—it would nevertheless follow in this record, as a matter of law, that appellant cannot maintain his suit to cancel and set aside the judgment in the partition suit, and then to recover the land, or its value, of the defendants Griffin and Venable, because of such alleged fraud of R. A. Dean. In this connection the evidence conclusively shows, as held by the trial court, that Griffin and Venable each separately purchased the land from R. A. Dean in good faith, for a valuable consideration, without any knowledge that a conveyance had been made to appellant, and that R. A. Dean had concealed and failed to disclose its existence before and at the time of the partition judgment. In this state a judicial partition necessarily involves, and finally adjudicates the rights and interests of the parties to the land. Article 6115, R. S.; Gurley v. Hanrick, 139 S. W. 725. Therefore, though it be assumed as a fact that the partition judgment was entered on fraudulent facts of title practiced by R. A. Dean, yet in the absence, as here, of any knowledge on the part of Griffin and Venable of any fraud or vice entering into the partition judgment, and the partition judgment not being obtained in furtherance of a general scheme of fraud by them, such judgment of partition, through which their title to the specific property comes, would, as against the alleged secret fraud, be valid as to Griffin and Venable. McCown v. Foster, 33 Tex. 241; Freeman on Void Judicial Sales, § 41. The title under the partition judgment is, as held by the trial court, in the hands of innocent vendees, not rendered void by proof of the real facts. The court did not err in giving the instruction on the ground of fraud in favor of Griffin and Venable. And notwithstanding there may be presented an issue as to the alleged fraud of R. A. Dean practiced in obtaining the partition judgment, a recovery in the nature of damages against R. A. Dean for either the value of the land or the price he sold it for could not be predicated on the allegations of the petition, and in consequence the court did not err in not submitting it to the jury. The allegations in the petition expressly predicate a recovery of the land upon the ground that the title did not pass to Dean and the purchasers, because of fraud and knowledge thereof. If the allegations be true that the land was not legally lost to appellant, then appellant has not by his allegations made it appear directly or by intendment that the alleged wrongful conduct or fraud of R. A. Dean proximately caused the loss to appellant of his land to innocent purchasers so as to recover the value of the loss as damages from R. A. Dean. And on the allegations as a whole, properly construed, there was no room to award compensation to appellant against R. A. Dean personally, for the petition affirmed, if the facts alleged be true, that appellant had not legally lost the land, and the title had not legally passed from appellant.

[3-5] The appellant further relies upon the right to recover the land upon the further allegation that 'the partition judgment was void because of the want of any legal summons or notice to the defendant minors. That there was no service of process on the defendant, or that the service was not in substantial accordance with prescribed terms of law, is, in general, good ground for setting aside a judgment. In a direct attack upon a judgment, as is the instant proceeding, it is admissible to the party to show by extrinsic evidence that one part of the record contradicts another part. Thus the recital in a judgment may be contradicted by producing the original summons and return. In this connection it was conclusively proven that at the time of the partition suit and the rendition of the judgment the appellant and the other defendant Deans were each minors residing with their mother in the state of Arkansas. And the said minors, it is shown, did not make any appearance in the partition suit personally or by guardian, except through the guardian ad litem appointed by the court. There is testimony going to show that a citation was issued in the partition proceeding, and forwarded to Arkansas for personal service upon the minors, and the sworn return showed personal service upon each of the minor defendants. But there is evidence sufficient to support the finding, if made by the jury, that the return did not truly state the facts, and that the minors were not, in point of fact, served in person with citation. The service of citation upon minors is as indispensable in partition suits as in other judicial proceedings, and must be made in the same manner. Without service upon the minors, the judgment would be invalid, in a direct attack, as here, as to the parties to the judgment. But, under the decided cases, the rights acquired by bona fide purchasers for value through a judgment reciting service, as here, will not be

disturbed, though the judgment be invalid. Carpenter v. Anderson, 33 Tex. Civ. App. 491, 77 S. W. 291; Williams v. Young, 41 Tex. Civ. App. 212, 90 S. W. 940. Under this ruling Venable was entitled to a verdict for the land, under the facts, as a matter of law, and the court did not err in directing a verdict as to him. And as to Venable the judgment will be affirmed.

But the ruling above would not entirely, in view of special facts, be applicable to defendant Griffin in adjusting his rights to the land purchased by him. It appears that in the purchase of the land from Dean by Griffin the recited cash consideration in the deed was in fact not cash, but was a credit on his purchase to the extent of the interest thought or believed to be coming to his wife in this part of the land. And it can be concluded as a fact from the record that Griffin was buying in fact only the interest in the 53 acres above what was estimated to be his wife's interest therein. Upon the theory that appellant was the owner by deed of the entire tract, Mrs. Griffin would have no interest to sell or be paid for. And it would follow that Griffin, to the extent of the amount of his credit of $214.25, recited as cash, was in the attitude of not having paid it at all in fact, and was in the attitude of not purchasing in fact all of the 53 acres, but only the interest his wife did not have therein. It is unnecessary to discuss the pro tanto rights accorded an innocent purchaser. It is sufficient, as against a peremptory instruction, that the issue was made of whether or not Griffin was a purchaser for value to the extent of $214.25. It is believed that in this respect, and for this reason, the judgment as to Griffin must be reversed. If it should be found under the issue of fact that appellant was the owner of the land by deed, and that there was no service upon him in the partition judgment, then the pro tanto protection to be accorded Griffin is involved as a matter of determination and remedy. As appellant was entitled to have the jury pass upon such issues of fact as the pleading and evidence warranted, we cannot assume appellant's rights as claimed by him, and adjust Griffin's rights in respect thereto. And it is only in the event it be found as a fact that appellant was the owner by deed of the entire tract that Griffin could be disturbed in his ownership of the land.

[6] Appellant has argued other grounds, which we have considered; but the decision, we conclude, must rest upon the points herein discussed. It is further observed that any question concerning the rights of the holders of the notes not parties to the suit is not and cannot be here involved.

The judgment is reversed, and the cause remanded, as to all defendants but J. W. Venable, and as to J. W. Venable the judgment is in all things affirmed.