**FARIAS et al. v. CLEMENTS et al.**

No. 9895.

Court of Civil Appeals of Texas. San Antonio.

Dec. 2, 1936.

Rehearing Denied Dec. 23, 1936.

Porciones 38 and 39, in Hidalgo county, which thereby became a part of their community estate. Paula Flores de Farias died, intestate, on February 12, 1918. She was survived by her husband, and nine children of the union. The property mentioned had not then been disposed of, but remained a part of the community estate. Subsequently, Felipe Farias acquired title to an undivided interest in Porcion 38, the number of acres thus acquired not being disclosed.

Thereafter, in 1920, or 1921, suit was instituted in a district court of Hidalgo county, against Felipe Farias and several hundred other defendants, including the Farias children as heirs at law of their deceased mother, for partition of Porciones 38, 39, and 40. Felipe Farias also intervened in the suit.

On April 29, 1922, the preliminary decree of partition was ordered in that suit, in which decree 55.28 acres of said Porciones 38, 39, and 40 were awarded, in fee, to Felipe Farias, and 2.06 acres out of Porcion 39 were awarded, in fee, in equal parts, to five of the Farias children, subject to a life estate in one-third thereof in Felipe Farias. Four of those five named children, and the sole surviving child of the fifth, now deceased, are the appellants in this appeal. The remaining four of the nine Farias children received nothing in the partition, but that adjudication is not questioned in this appeal.

The partition ordered in the preliminary decree was effectuated through commissioners, as provided by law, and the final decree was entered, in accordance with the report of the commissioners, awarding title to the parties in the proportions stated. By that decree Felipe Farias obtained final judgment vesting fee-simple title in him to the land involved in this suit.

No appeal was taken from the judgment in said partition suit, which still stands unchallenged by direct action.

It appears from the record that Felipe Farias, the father, conveyed an interest in the minerals in said land allotted to him in the partition suit, to Don Horton, who in turn conveyed a part of that interest to Howard L. Bass.

This suit was brought by appellants in trespass to try title to recover title to more of the land than was awarded to them in the partition suit. When stripped of a great mass of confusing elements not involved in this appeal, appellants' suit amounts to an action to determine, in this

Brown & Bader, of Edinburg, D. A. Fraser, of San Antonio, E. N. Catlett, of McAllen, and F. G. Garza, of Edinburg, for appellants.

Strickland, Ewers & Wilkens, of Mission, Seabury, Taylor & Wagner, of Brownsville, E. A. McDaniel, of McAllen, Roy Buckley, of Mission, and R. M. Bounds, of McAllen, for appellees.

SMITH, Chief Justice.

The record shows that on April 24, 1917, during the coverture of Felipe Farias and wife, Paula Flores de Farias, they acquired title to an undivided 44½ acres of land in

collateral proceeding, the validity and effect of the judgment in the partition suit, and particularly to determine if the children of Felipe Farias and his deceased wife may assert and enforce in this action their claim to a larger estate in the land involved than that awarded them in the partition suit, in view of their status as heirs at law of their deceased mother, who died intestate prior to said partition. The trial court held against that claim of appellants, and, as against them, upheld the partition decree and the consequent conveyance of Felipe Farias, their father, to Don Horton, and from the latter in turn to Howard L. Bass, of a part of the mineral interest in the whole of the land awarded to the elder Farias in said partition suit. Those children have appealed. The rights of the remaining four Farias children were adjudicated in this action, but that adjudication is not involved in this appeal.

■ It appears that all the pleadings and other papers, except, perhaps, the statement of facts, in the partition suit, had been lost, or mislaid, and were therefore not available upon the trial below, nor in this appeal. It seems that in such case it must be presumed here, as a matter of law, that the pleadings in the partition suit fully supported the judgment rendered therein, and as that judgment has been preserved in the record, it must be given all the force and effect warranted by its express terms, and by the presumptions and implications incident in law to a final judgment in any suit. In that judgment it is recited that each of the nearly one thousand defendants, including appellants, were duly cited in the manner and for the time provided by law, and that each of them sought to be concluded by the judgment appeared and answered by attorneys of their own selection, or, as in the case of appellants, who were cited by publication, by attorneys appointed by the court for that purpose. It appears, further, that Felipe Farias, under whom appellees claim, was not only cited and appeared as a defendant, but was an intervener, presumably seeking affirmative relief. It further appears from the judgment that all the land sought to be partitioned was allotted among the defendants concluded, and that a specified share was apportioned to Felipe Farias, in fee, and other specified shares were apportioned to appellants in fee, subject to a life estate in Felipe Farias. In short, by that judgment the land was partitioned, both as to amount and as to the character of the title

and estates awarded, among the parties, including appellants and their father, Felipe Farias. And, as stated, that judgment became and remains final.

Appellants contend, in substance, that in the disposed of partition suit that part awarded in fee simple to Felipe Farias, father of appellants, included in fact the whole of the community interest of Farias and his deceased wife in Porciones 38 and 39, aggregating 44½ acres; that because of the community nature of the estate therein, the children's share in their deceased mother's one-half interest in said property had vested absolutely in the children upon the death of their mother, and could not be divested out of them by the partition proceedings; that, as a legal result of the partition decree, the award to the father of the fee simple title to the whole of the community property will be presumed to have been made subject to the children's inheritable interest therein, and therefore, as to their interest, the father took only as trustee for the children, and not absolutely.

On the other hand, appellees propound the proposition that "The partition decree * * * having set aside a share to the appellants, and having set aside the lands involved in this suit to Felipe Farias as his separate property, and no appeal having been perfected, and this being a collateral proceeding, the decree of partition is binding and conclusive on the appellants in this proceeding." We have concluded that appellees have correctly stated the rule applicable to the case made and that the judgment should accordingly be affirmed.

■ The prime object of partition suits is to fairly and justly apportion land among its joint owners; to locate such rights as the parties may have, respectively, in distinct parts of the premises, and to extinguish such rights of all other parties in that property. Moore v. Blagge, 91 Tex. 151, 38 S.W. 979, 41 S.W. 465; O'Neil v. O'Neil (Tex.Civ.App.) 77 S.W. (2d) 554; Dean v. Dean (Tex.Civ.App.) 165 S.W. 90.

■ A judgment in a partition suit is equal, in dignity, force, effect, and inviolability, to judgments in all other suits. It is just as conclusive upon the parties, and is no more subject to collateral attack, than any other. It necessarily involves, and finally adjudicates, the rights and interests of the parties in the premises partitioned. Dean v. Dean, supra; Richardson v. Trout

(Tex.Civ.App.) 135 S.W. 677, 680. In Freeman on Cotenancy and Partition, § 531, and quoted with approval in the case last cited, it is said: "It is perhaps unfortunate that some judges so often remark that partition confers no new title, but only divides that which the parties previously possessed, because the remark justifies the inference that a judgment in partition has little or no effect upon the title. The truth is that a judgment in partition is as conclusive as any other. It does not create or manufacture a title, nor divest the title of any one not actually or constructively a party to the suit, but it operates by way of estoppel. It prevents any of the parties from relitigating any of the issues presented for decision, and the decision of which necessarily entered into the judgment, and it divests all titles held by any of the parties at the institution of the suit."

 In the partition suit here questioned all the parties interested in the partitioned premises were, presumably, before the court. It is true that some of the parties were minors, but they were represented by attorneys appointed by the court for that purpose, as required by laws then in force, and under the authorities cited it must be presumed, in this collateral proceeding, that the court inquired into and protected their interests, and that the resulting judgment was conclusive upon them until set aside by a direct proceeding for that purpose. The real question at issue was whether the portion finally allotted to each was his fair share of the property, and upon that issue each party was necessarily antagonistic to the other throughout the whole proceeding. Moore v. Blagge, supra.

There is but little more to be said in this opinion, in view of the rules stated. All the parties now appealing in this suit were parties to the partition suit, in which each was allotted specific shares in the estate partitioned. In this trespass to try title suit appellants, in effect, complain of the fairness and justness of that partition, claiming that they were entitled to more land, and a larger estate therein, than was allotted them. In short, the partition decree, which became final, involved the determination of the very issues which the trial court was called upon to decide in this suit, and that court properly treated that decree as a bar to a relitigation of those issues in this collateral proceeding. Article 6100, R.S.1925; Caruth v. Grigsby, 57 Tex. 259; Pearce v. Jackson, 84 Tex. 515, 19 S. W. 690; Moore v. Blagge, supra; Moor v. Moor (Tex.Civ.App.) 63 S.W. 347; Hanrick v. Hanrick, 110 Tex. 59, 173 S.W. 211, 214 S.W. 321; O'Neil v. O'Neil (Tex.Civ.App.) 77 S.W. (2d) 554; Richardson v. Trout, supra; Ward v. Hinkle (Tex.Civ.App.) 252 S.W. 236; Dean v. Dean, supra; Ivey v. Harrell, 1 Tex.Civ.App. 226, 20 S W. 775. Appellants rely upon the case of O'Connor v. Vineyard, 91 Tex. 488, 44 S. W. 485 to support their contention. But that case is not deemed in point, for there it is held, simply and only, as stated in the syllabus, that: "Where a decree of partition determined that husband and wife were entitled to a certain fractional part of the land, and the commissioners set apart to the husband all the land which belonged to him and his wife, it did not vest the whole title in him."

The judgment is affirmed.