**SMOOT et al. v. CHAMBERS et al.**

No. 14291.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 7, 1941.

Rehearing Denied Dec. 5, 1941.

T. R. Boone and Kearby Peery, both of Wichita Falls, for appellants.

W. E. Fitzgerald, of Wichita Falls, for appellees.

McDONALD, Chief Justice.

Plaintiffs brought this suit to recover two parcels of land, one lying in Wichita and Archer Counties, the other in Oldham County. Plaintiffs' first amended original petition, upon which they went to trial, contains two counts, the first setting out the usual trespass to try title allegations, the second specially pleading the title of each party from the common source.

Trial before the court without a jury resulted in a judgment for plaintiffs, from which defendants appealed. The parties will be designated as they were in the trial court.

It appears from the record that during a period of several years the defendants,

George A. Smoot and Charles H. Smoot, acted as attorneys for Harold J. Chambers, guardian of his two minor children under appointment by the Probate Court of Pueblo County, Colorado. In 1935, said Probate Court made an order to the effect that these attorneys should be employed and have as their fee one-fourth of all money or property recovered by them for the minors. Chambers was later appointed guardian by the County Court of Wichita County, Texas.

From this point in our opinion we shall treat separately the rights of the parties with respect to the land in Wichita and Archer Counties and their rights with respect to the land in Oldham County, taking up first the land in Wichita and Archer Counties.

Prior to February 18th, 1938, the grandmother and an uncle of the minors filed a partition suit in the 78th District Court of Wichita County against Harold J. Chambers and his two minor children, seeking to partition the land in Wichita and Archer Counties. On the date mentioned, judgment was rendered decreeing, among other things, that the tract of land which is now in controversy should belong to the minors and to Charles H. Smoot, the minors to own an undivided three-fourths interest and Charles H. Smoot to own an undivided one-fourth interest. Smoot was not named as a party plaintiff or defendant in plaintiffs' petition in the partition suit, but filed an intervention setting up his claim to a one-fourth interest by reason of his said employment as attorney.

The judgment mentioned was the only part of the proceedings in the partition suit that was introduced in evidence in the present suit. The judgment does not recite that service was had upon the minors, but does recite, "came all parties in person and by counsel and announced ready for trial." The judgment recites nothing regarding the appointment. of a guardian ad litem, the only evidence of the latter fact being the testimony of Mr. George Smoot, to which there was no objection, that, reciting it in narrative form, "In the conflict of interest, we called in Judge Filmore, he sat in the case * * * he sat in there to look after their interest * * * he was county judge at the time."

Plaintiffs, appellees here, make no issue in their brief as to the jurisdiction of the court over the minors in the partition suit. In fact, plaintiffs' claim of title to the land in controversy appears to be based upon the award of the land to them in the partition suit, their only complaint being that the judgment in the partition suit should have awarded them the entire interest, rather than three-fourths interest to them and one-fourth to Smoot.

Under authority of the cases which we shall cite, plaintiffs' attack upon that portion of the judgment in the partition suit must be regarded as a collateral and not a direct attack. Plaintiffs are seeking to litigate in this suit questions which could have been litigated in the partition suit. This same situation has been before our appellate courts before. Plaintiffs cannot in this suit present questions of title which should or could have been presented in the partition suit. See Farias v. Clements, Tex.Civ.App., 99 S.W.2d 1018, for a full discussion of the rule, and the reasons and authorities supporting it, and see, also, Moore v. Blagge, 91 Tex. 151, 38 S.W. 979, 41 S.W. 465; and Richardson v. Trout, Tex.Civ.App., 135 S.W. 677. All questions of law or equity affecting the title may be litigated in a partition suit. Pena v. Sling, 135 Tex. 200, 140 S.W.2d 441, 128 A.L.R. 1223. Plaintiffs contend that a partition judgment may only divide the land between the owners, and may not create a title in one not an actual owner. The authorities cited are against plaintiffs on this. The partition judgment vested title to a one-fourth undivided interest in Charles H. Smoot. That judgment, not having been successfully attacked, either by appeal or by any other direct proceeding, is res adjudicata of such question in the present suit.

In the present state of the record, we presume that the district court had jurisdiction of the partition suit and of the parties to it, including the minors. Alston v. Emmerson, 83 Tex. 231, 18 S.W. 566, 29 Am.St.Rep. 639; Simmons v. Arnim, 110 Tex. 309, 220 S.W. 66; Farias v. Clements, Tex.Civ.App., 99 S.W.2d 1018; Perdue v. Miller, Tex.Civ.App., 64 S.W.2d 1002; Pennebaker v. Thrash, Tex.Civ. App., 84 S.W.2d 1081.

Neither of the parties devote much argument in their briefs to the Oldham County land. It appears that the estate of the minors acquired a note secured by a mortgage on the Oldham County land. The trustee named in a deed of trust securing a second lien on the land sold it at trustee's sale to Empire Mortgage Com-

pany, which company in turn conveyed it to Harold J. Chambers and Charles H. Smoot, the former apparently taking title for the benefit of the minors. The record fails to show any order of the probate court of either Pueblo County, Colorado, or Wichita County, Texas, authorizing the conveyance of this interest to Smoot. We do not consider that the order of the Pueblo County probate court authorizing the employment of attorneys upon a contingent basis of one-fourth of anything they might recover for the estate would be sufficient to authorize this conveyance. There should have been presented to one or the other of the probate courts the question of whether the attorneys had earned as a fee an interest in this particular land. That was not done. Our holding in regard to the Oldham County land is not in conflict with our holding regarding the land in Wichita and Archer Counties, because in the latter case the matter presumably was presented to and acted upon by the district court of Wichita County in the partition suit.

That portion of the judgment of the trial court awarding to the plaintiffs title to the land in Wichita and Archer Counties is reversed and judgment is here rendered that plaintiffs be awarded three-fourths interest therein and that defendant Charles H. Smoot be awarded a one-fourth interest therein. The judgment of the trial court is in all other respects affirmed.

Judgment reversed and rendered in part, affirmed in part.