### ZARSKY v. MOSS et al.
### No. 11640.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 13, 1946.

Rehearing Denied Dec. 4, 1946.

See also 193 S.W.2d 245.

John A. Pope, Jr., of Rio Grande City, for appellant.

Strickland, Ewers & Wilkins, of Mission, H. P. Guerra, Jr., of Rio Grande City, and Pat J. Howe, of Mission, for appellees.

MURRAY, Justice.

This suit was instituted by appellant, Frank Zarsky, against J. O. Moss (by amendment other defendants were brought into the suit), seeking to recover Share No. 24, containing 220.802 acres of land of Porcion No. 82 in Starr County, Texas, said Share No. 24 having been set aside to the unknown heirs of Vicente Rodriguez, deceased, in partition suit No. 2082, styled W. S. Park et al., v. H. L. Bass et al., in the District Court of Starr County. Frank Zarsky was a party to this suit and was awarded share No. 47. Costs were assessed against share No. 24 in the sum of $395.24. Appellant contended at the trial that he was the owner of at least a part of the share belonging to the unknown heirs of Vicente Rodriguez by reason of a deed from Trinidad Sanchez and wife, which he offered in evidence at the partition suit. It was contended that Trinidad Sanchez was an heir of Vicente Rodriguez.

Thereafter Appellant tendered to the Clerk of the District Court of Starr County, C. R. Munoz, all the costs assessed against share No. 24, which the Clerk refused to accept, but issued an order of sale requiring the share to be sold in satisfaction of such costs. Appellant filed an injunction suit against Munoz, being cause No. 2226, styled Zarsky v. Munoz, in the District Court of Starr County, in which he sought to restrain Munoz from issuing this order of sale, but the injunction was refused. Appellant then, in the presence of Moss, tendered the amount of the costs to the Sheriff of Starr County, but he also refused to accept it and sold the land at public sale to Moss.

The trial was to the court without the intervention of a jury and resulted in a judgment that appellant take nothing, from which judgment Frank Zarsky has prosecuted this appeal.

This suit presents the question as to whether or not appellant can claim title to a part of share No. 24, when it was set aside to someone else in a partition suit in which he was a party, and in which suit he was awarded share No. 47. In other words, is the judgment in the partition suit res judicata of the matter?

In the decree in the partition suit, Cause No. 2082, appellant was awarded share No. 47, the remainder of Porcion No. 82 was awarded to parties other than appellant. There was no appeal from this judgment and it is now a final judgment. The effect of this judgment was to award to appellant share No. 47, as representing all of the interest he had in Porcion No. 82. Thereafter no other party to the suit could claim any interest in share No. 47, and appellant could not claim any interest in any share awarded to any other party to the suit, including the unknown heirs of any person cited by publication. It has been said that title is not vested in, nor vested out of the parties in a partition suit. If this be true, then something very similar to the vesting and divesting of title happens. The undivided title which each party has is given to him in a specific portion of the whole, and thereafter he has no interest in any part except the share set aside and awarded to him, and the same thing is true of each other joint owner. Article 6100, Vernon's Ann.Civ.Stats. reads as follows: "The decree of the court confirming the report of the commissioners in partition, when a partition has been made shall vest the title in each party to whom a share has been allotted, to such share as against the other parties to such partition suit, their heirs, executors, administrators or assigns, as fully and effectually as the deed of such parties could vest the same, and shall have the same force and effect as a full warranty deed of conveyance from such other parties and each of them."

Freeman on Cotenancy and Partition, Section 531, reads as follows: "It is perhaps unfortunate that some judges so often remark that partition confers no new title, but only divides that which the parties previously possessed, because the remark justifies the inference that a judgment in partition has little or no effect upon the title. The truth is that a judgment in partition is as conclusive as any other. It does not

create or manufacture a title, nor divest the title of anyone not actually·or constructively a party to the suit but it operates by way of estoppel. It prevents any of the parties from re-litigating any of the issues presented for decision, and the decision of which necessarily entered into the judgment, and it divests all titles held by any of the parties at the institution of the suit."

What is said in Freeman on Judgments, Section 304, is in point here: "All questions of title and of possession may be finally determined in a suit for partition. A judgment in such a suit establishes the title to the land partitioned and is conclusive upon any adverse claim of title, or of possession, existing at the date of its rendition. The law requires the Court to ascertain and determine the rights of the parties, and makes it the duty of the parties to disclose their adverse claims. The decree necessarily affirms that the parties to it are tenants in common, joint tenants, or coparceners." See also Farias v. Clements, Tex.Civ.App., 99 S.W.2d 1018; Shook v. Shook, Tex.Civ.App., 145 S.W. 699; Dean v. Dean, Tex.Civ.App., 165 S.W. 90; Smoot v. Chambers, Tex.Civ.App., 156 S.W.2d 314.

Appellant having offered his deed from Trinidad Sanchez and wife in evidence and having asserted his ownership of that part of Porcion No. 82 which would have otherwise belonged to the unknown heirs of Vicente Rodriguez, and the trial court having held in effect that he was not entitled to receive such share and having awarded such share No. 24 to the unknown heirs of Vicente Rodriguez, was in effect a holding that such share did not belong to appellant and the decree in this partition suit becomes res judicata of the matter and appellant is estopped to again assert in another suit that he is the owner of share No. 24. He had the right of appeal from the partition judgment which he did not see fit to take.

Appellant in offering to pay the costs awarded against share No. 24, was nothing more than a stranger, volunteer or interloper and both the clerk and sheriff properly refused to accept the money.

Appellant's suit here is a collateral attack upon the judgment in the partition suit.

He was awarded only share No. 47 in that judgment, and share No. 24 was awarded to others, nevertheless, he now attempts to assert title to share No. 24, contrary to the provisions of the judgment in the partition suit. This he is estopped from doing by reason of the judgment of partition. Farias v. Clements, Tex.Civ.App., 99 S.W.2d 1018.

All other contentions presented by appellant are without merit and are overruled.

The judgment is affirmed.