J. D. PADGETT et al., Appellants,

v.

Sidney PADGETT et al., Appellees.

No. 10529.

Court of Civil Appeals of Texas.

Austin.

Dec. 18, 1957.

Rehearing Denied Jan. 8, 1958.

Arch Dawson, Wichita Falls, John C. Murphree, Iowa Park, for appellants.

Dickey & Dickey, Robert Lee, for appellees.

HUGHES, Justice.

This is a suit in trespass to try title in which the principal question presented is: What effect, if any, is to be given to the judgments in a prior partition suit between the parties or their predecessors in title involving the land in suit?

The property in controversy is an undivided ⅛th of ⅛th royalty in 445 acres of land in Coke County, Texas.

Plaintiffs below, appellants here, are J. D. and S. C. Padgett, Viola and Patsy Ann Blair and O. G. Heins who are the heirs and hold the title, if any, of J. C. Padgett, the only child of J. N. Padgett and his first wife Melissie Padgett.

Appellees are Sidney and Hugh Padgett, Mary Ella Jackson and husband Ira Jackson, Julia Davis and husband J. K. Davis, Beaulah Stuckler, Ruby Mae Manicchia, Bertie Anna Mann and husband Fred Mann, Floyd E. Shepley, J. A. Drane, guardian of George K. Jackson and George K. Jackson, who, excepting pro forma parties, are the heirs and hold the title, if any, of J. N. Padgett and V. A. McMillan Padgett, who was the second wife of J. N. Padgett.

The pleadings in the case are purely formal.

◾ The lands in suit having been acquired by J. N. Padgett by purchase during his second marriage belonged to the community estate of such marriage and J. C. Padgett, son of the first marriage, had no interest therein when in November 1926, J. N. Padgett commenced partition proceedings in the District Court of Coke County. These facts and conclusions are without dispute.

In the 1926 partition suit J. N. Padgett named as defendants his nine children, J. C. Padgett the only child of his first marriage and the eight children of his second marriage. He alleged that he and his nine children were the "joint owners in fee simple" of certain described lands including the property in suit and that he was the owner of an undivided "one-half (½) part of the above described lands and premises and that the defendants (naming them) are each the owners of an equal undivided one-eighteenth (1/18) part of the aforesaid lands and premises."

All of the defendants in such suit although being duly served defaulted and the trial proceeded without their appearance.

On April 12, 1927, the Court in the partition suit entered judgment finding that plaintiff was the owner of an undivided one-half interest in the lands sought to be partitioned and that his nine children, naming them, were "each the owners of an undivided one eighteenth interest in said premises" and "it would be to the best interest of all parties hereto that said land be divided into two equal shares and that one share be allotted to the plaintiff and other share be allotted to the defendants in common so that each of said defendants named above will own an undivided one-

ninth interest, and the court further finds that said lands is susceptible to partition in such manner."

Partition was then decreed in this language:

"It is therefore ordered and decreed by the court that said above described land and premises be and it is hereby ordered and directed, partitioned and distributed so that an equal share of said land above described shall be distributed to the plaintiff and to defendants so that the plaintiff shall own one-half part or interest and that the defendants named above, shall jointly own the other one-half part or interest in and to said land and premises."

The Commissioners appointed to make the partition decreed by the Court reported on April 22, 1927, that they had in "obedience" to such decree and after having "notified the parties" executed the writ of partition by dividing the premises into two tracts and recommended that one tract be assigned to the plaintiff and the other tract to the defendants "to be owned by them jointly which partition we judge to be fair and equitable between said parties and in proportion to the shares to which said parties are respectively entitled."

This report of the Commissioners was confirmed by Court judgment which vested title to one tract in the plaintiff J. N. Padgett and to the other tract in the defendants and decreeing "that the share or portion of said lands allotted by said Commissioners to the defendants shall be held by them jointly in fee simple title."

These judgments were not appealed from and have never been set aside.

■ Judgments of partition have the same conclusiveness and are amenable to the doctrines of res adjudicata and estoppel by judgment as are other final judgments. 26 Tex.Jur. Judgments, Sec. 494 and cases cited, particularly Richardson v. Trout, Tex.Civ.App., 135 S.W. 677, writ

of error refused. See also Gurley v. Hanrick's Heirs, Tex.Civ.App. Austin, 139 S.W. 721, writ ref.; Farias v. Clements, Tex.Civ. App. San Antonio, 99 S.W.2d 1018, writ dismissed; Smoot v. Chambers, Tex.Civ. App. Fort Worth, 156 S.W.2d 314, writ ref., W.O.M.; Davis v. First National Bank of Waco, 139 Tex. 36, 161 S.W.2d 467, 144 A.L.R. 1; White v. White, 142 Tex. 499, 179 S.W.2d 503, and Bankston v. Bankston, Tex.Civ.App. Galveston, 206 S.W.2d 839, 842, writ refused.

■ We quote the following from Bankston:

"Rules 756, Texas Rules of Civil Procedure prescribes what the petition in a partition suit shall state. Rule 760, T.R.C.P., provides: 'Upon the hearing of the cause, the court shall determine the share or interest of each of the joint owners or claimants in the real estate sought to be divided, and all questions of law or equity affecting the title to such land which may arise.'

"R.C.S. Article 6100 provides, 'The decree of the court confirming the report of the commissioners in partition, when a partition has been made shall vest the title in each party to whom a share has been allotted, to such share as against the other parties to such partition suit, their heirs * * * as fully and effectually as the deed of such parties could vest the same, and shall have the same force and effect as a full warranty deed of conveyance from such other parties and each of them.' In the partition suit, the court rendered judgment confirming such report.

\* \* \* \* \* \*

"In a partition suit it is never the intention of a Court to render a judgment which affects—that is, which changes—the title of the parties. The intention of the Court in such a case is always merely to segregate the undivided interests of the parties according to their share, leaving the title unaffected. But

for the purpose of making such partition the Court must determine and declare the rights and title of the parties. And a judgment of partition, like any other judgment, imports verity. And when it becomes final all parties to it are bound thereby. Certainly a partition judgment is not subject to collateral attack."

Appellees rely primarily upon James v. James, Tex.Civ.App. San Antonio, 164 S.W. 47, writ of error dismissed, and Boese v. Parkhill, Tex.Civ.App. Galveston, 202 S.W. 120, writ ref., as removing this case from the scope of the decisions and principles alluded to above. These cases stand for the rule that if property, in a partition suit, is set aside to more than one person jointly and without specifying the interest of each therein there is no adjudication, as between such parties, as to the respective interest each has in the property.

We have no doubt that these cases announce correct and sound principles of law and if the facts here warrant their application they will be so applied.

To the problem presented no easy answer has been forthcoming.

We have set out the pertinent portions of the judgment decreeing a partition and of the judgment confirming the partition as made by the Commissioners. It is clear that in the first judgment there was an adjudication that each of the nine children owned an undivided 1/18th interest in the entire tract. In the judgment of confirmation there is no similar adjudication, the judgment there being generally in behalf of the nine children.

In Pfeffer v. Meissner, Tex.Civ.App., Galveston, 286 S.W.2d 241, 247, writ ref., N.R.E., it was held that in a statutory partition, as here, that there are two final appealable judgments, the Court saying:

"Our present procedure as prescribed by the Rules contemplates an initial hearing at which all questions of fact, law or equity affecting the title shall be determined. See Rule 760, T.R.C.P. It is also contemplated that at this initial hearing the susceptibility of the property involved to partition in kind shall be determined. See Rules 761 and 770, T.R.C.P.

"We have no doubt that the order entered by the court on February 20, 1951, was a final and appealable order, binding on all parties until and unless set aside or superseded by a later competent, albeit contradictory, order governing the same subject matter. McFarland v. John W. Hall's Heirs, 17 Tex. 676; White v. Mitchell, 60 Tex. 164; Tieman v. Baker, 63 Tex. 641.

"However it is apparent both from the Rules and from the foregoing cases, particularly the case of McFarland v. John W. Hall's Heirs, that the entry of a final order determining the interests, rights and equities of the parties and the susceptibility of the property to partition in kind does not divest the court either of jurisdiction of the parties or of the actual execution and carrying out of the partition. * * *

"* * * What is determined in the initial orders of course becomes res adjudicata, but only res adjudicata. Nothing determined there becomes sacrosanct in the sense that until set aside any subsequent conflicting determination is ipso facto void. * * *

"* * * Since the court retained full jurisdiction of the parties and of the subject matter of the actual division and distribution of the subject property, the fact that its later order might be improper or in conflict with its prior order would not render it void but only erroneous. And such error is of course waived unless availed of by direct appeal."

If the judgment of confirmation here was contradictory to or in conflict with the initial judgment then, under the above authority, it would control. We do not, however, find it to be such a judgment. It purports to confirm a report of the Commissioners made "in obedience" to the judgment of the partition. The Commissioners did exactly as directed by the Court in the partition decree. They divided the property into two parcels, one for the father and the other for the nine children. They failed, if it may be so considered, only in not repeating in the report the direction of the Court in the initial partition judgment that each child should own an undivided ⅑th interest in the parcel set aside to them.

■ Since there is nothing in the report of the Commissioners nor in the judgment confirming such report which is contradictory to the initial judgment of partition it is our opinion that the initial judgment determining the share of each defendant is fully effective or that they, being integral parts of the same proceeding, should be interpreted together and not independently of each other. 25 Tex.Jur., Judgments, Sec. 89. When this is done their meaning and import is clear. It is that J. C. Padgett was adjudicated to own a specific title to an undivided ⅑th interest in the lands set aside to the nine children.

■ This conclusion requires us to consider other grounds upon which appellees rely for an affirmance. These are equitable in nature and are based on these facts:

(1) J. C. Padgett wrote an answering letter (12–27–37) to a brother regarding the execution of an oil lease on the land in suit in which he stated:

"Hugh, I don't feel that it would be right for me to sign the lease until I know what the others want to do, as you know it means only half as much to me as it does to each of the others. In fact I would like to sell my part to some of the rest. I also don't approve of more than one year grass lease."

(2) J. N. Padgett, the father, in his will left J. C. Padgett the sum of $500 "this being his part of his mother's estate as used by me in buying land after her death."

(3) J. C. Padgett signed and accepted a division order prepared by an oil company showing his interest to be as decreed by the Trial Court.

From these facts appellees argue, principally, that since appellants' interest in the land was acquired and vested by the partition judgment through the use of and to the extent of $500 which he was due from his mother's estate that upon the repayment of this money by his father, after the partition judgment, released any interest which may have been his or which may have been awarded him in such judgment.

We cannot know upon what evidence the partition judgment was based and if we knew we could not, in this proceeding, use it to impeach the judgment.

We are cited to no authority and do not ourselves know of any authority which would justify us in extinguishing or transferring an interest in real estate upon the basis of this evidence. The law is very particular in prescribing formalities for the transfer of title to real estate. This is not one of the approved methods.

■ Neither does an ordinary division order relating to the sale of oil or gas convey title to the royalty involved. Thompson v. Thompson, 149 Tex. 632, 236 S.W.2d 779.

■ The 1937 letter claims an interest in the land but in no event could it affect the legal title.

Believing that the Trial Court erred and that this cause should be reversed and judgment rendered for appellants, it is so ordered.

Reversed and rendered.

On Appellees' Motion for Rehearing.

Our original opinion is corrected so as to describe the property in controversy as being the difference between $^{23}/_{7680}$ths of the minerals in and under 445 acres of land in Coke County, Texas, subject to an existing oil and gas lease, which the Trial Court awarded appellants and $^{503}/_{8640}$ths mineral interest therein subject to such lease which appellants contend the Trial Court should have awarded them.

Judgment will be entered herein enlarging the recovery as above indicated. In all other respects appellees' motion for rehearing is overruled.

Granted in part and in part overruled.