ORANGE COUNTY DEVELOPMENT
COMPANY, et al, Appellants,

v.

ORANGE COUNTY APPRAISAL
DISTRICT, et al, Appellees.

No. 09–90–112 CV.

Court of Appeals of Texas,
Beaumont.

June 20, 1991.

Lynwood Sanders, Orange, for appellants.

Douglas Steven Bird, Henry Steen, Jr., Law Offices of Gates Steen, Austin, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

OPINION

WALKER, Chief Justice.

This is an appeal from a judgment by the trial court recognizing a tax lien on and granting an order of sale of two tracts of real property.

A brief recitation of the history surrounding the parties and the property is necessary. In 1988, a partition action was brought in the 260th District Court of Orange County affecting a portion of some property known as the John White Survey. In addition to each of the undivided interest owners of the property being parties to the partition suit, appellees (Orange County Appraisal District, Orange County, and The City of Orange) were made parties to the suit because some of the undivided interest owners owed delinquent taxes for prior years. It is undisputed that appellant, one of the undivided interest owners, owed no taxes at that time. The judge of the 260th District Court found the property not susceptible to division in kind and ordered the property sold. Appellant, at the subsequent public auction, acquired the whole tract. The sale to appellant took place on September 6, 1988 and was approved by the judge on September 30, 1988.

On August 10, 1989, appellees brought the instant action in the 128th District Court of Orange County to establish and foreclose on tax liens against two of the tracts acquired by appellant on September 6, 1988. It is undisputed that these two

tracts were included in the previous partition proceeding. As noted above, the trial court ruled in appellees' favor recognizing a tax lien and ordering the two tracts sold.

■ Appellant raises two point of error in this appeal, to-wit:

1. The trial court erred in finding that delinquent tax liens are not affected by judicial partitions.

2. The trial court erred in allowing a collateral attack upon a final judicial order of partition by a party to those proceedings.

Because the arguments made by appellant under each point of error are analogous, we will combine them in our discussion of their merits.

As we preceive this case, the central inquiry appears to be what, if any, authority do we give to the partition proceedings in the 260th District Court. The record before us includes various documents involved in the partition proceedings such as the Report of Sale, the Partition Deed, and the Order Directing Sale Of Property Not Susceptible To Partition In Kind. The order directing sale of the property states that appellees appeared by and through their respective attorneys. The order further states that upon the sale of the property, "the proceeds of such sale be distributed among the following co-owners in accordance with their proportional interest set opposite their names *after first deducting from each any ad valorem taxes owing....* (emphasis ours) The order was signed on July 11, 1988 not only by the trial court judge, but also by the three attorneys named specifically as representing appellees. These facts seem to indicate that appellees' interests as to the various taxing entities located within Orange County were fully and completely represented in the partition proceedings. Appellees make the following statement in their brief: "As a matter of record Appellant did notify the taxing agencies of the partition procedures; however, it should be noted that this attorney, known to appellant to be the delinquent tax attorney for the taxing agencies, was not included or notified of Appellant's partition proceedings." This statement is

of no consequence as the record clearly shows appellees were represented by counsel and were considered to be parties to the partition proceedings as their interests were adjudicated therein.

Appellees contend that because the TEX. CONST. art. 8, § 15 states, "The annual assessment made upon landed property shall be a special lien thereon," the lien is placed upon the property itself and not on "the interest of the delinquent taxpayer." Appellees' focus is obviously on the property itself, and that an ad valorem tax lien on property is superior to almost all other liens or interests. Appellees characterize the order of the trial court in the partition proceedings as pro-rating, reducing or forgiving the remainder of the delinquent taxes not satisfied by the sale of the property. The appellees conclude their argument by stating:

> If affirmed, Appellants (sic) position would result in the taxing entities having to share in the fund deposited in the registry of the court and then, having no recourse to collect the substantial balance still due, the taxing entities would have to designate as uncollectable the remaining ad valorem taxes. The purchaser at the partition sale would reap a windfall to the detriment of the taxing entities.

■ To the various contentions and above quoted parade of horrors made by appellees we can only wonder why appellees did not make some protest during the partition proceedings, and why appellees signed the order of July 11, 1988 which was a clear and unambiguous description of the partition procedure and how the procedure would affect all of the parties involved. Furthermore, an appeal could have been taken from that order by appellees if they felt some error had occurred during the entire partition process. However, once final, partition judgments bind all parties to it and have the same conclusiveness and amenability to doctrines of res judicata and estoppel by judgment as are other final judgments. *See, Padgett v. Padgett*, 309 S.W.2d 262 (Tex.Civ.App.—Austin 1957,

writ ref'd n.r.e.). TEX.R.CIV.P. 760 provides:

> Upon the hearing of the cause, the court shall determine the share or interest of each of the joint owners *or claimants* in the real estate sought to be divided, and *all questions of law* or equity affecting the title to such land which may arise. (emphasis ours).

We are well aware that the Tax Code sets out very specific and virtually exclusive methods for taxing entities to go about collecting taxes. Indeed, the Tax Code is written in such a way so as to place the various taxing entities at a distinct advantage over the average taxpayer. *See,* TEX.TAX CODE ANN. § 42.09 (Vernon Supp. 1991). It is quite evident from the record that appellees knew the amount due and owing by the delinquent landowners. Appellees settled for the forum and circumstances in which to attempt to extinguish the tax debt. Yet appellees now come to us arguing, "If Appellant's argument on this point is sustained it would put Appellees in a position of having to bid in property at partition or foreclosure sales in order to protect its Constitutional ad valorem tax lien." We find this argument quite unpersuasive under the Tax Code. Section 34.01 of the Tax Code deals with the sale of property under a tax lien which states:

> (c) If a sufficient bid is not received, the officer making the sale shall bid the property off to a taxing unit that is a party to the judgment for the aggregate amount of the judgment against the property or for the market value of the property as specified in the judgment, whichever is less. The taxing unit takes title to the property for the use and benefit of itself and all other taxing units that established tax liens in the suit. The taxing unit's title includes all the interest owned by the defendant, including the defendant's right to the use and possession of the property, subject only to the defendant's right of redemption....

TEX.TAX CODE ANN. § 34.01 (Vernon 1991).

The record before us is clear that adequate notice of the sale of the property in question was published as to date, time and specific property involved. The record is also clear that the instrument entitled "Partition Deed" reflects that the deputy sheriff of Orange County conducted the sale on the date and at the time specified in the published notice and that the highest bidder was appellant who bid $6,000.00. This amount is clearly less than the total amount owed in delinquent taxes according to appellees' pleadings. Section 34.01(c) quoted above gave the taxing entities involved in the partition suit the right to take title to the property since the highest bid was insufficient. The record does not reflect that any of appellees were present at the sale, and appellees' brief appears to confirm the fact that they were not present.

Contained within the Tax Code is Chapter 33 entitled, "Delinquency," and within Chapter 33 is § 33.46 which provides the following significant language:

> (a) If suit is filed to foreclose a tax lien on real property owned in undivided interests by two or more persons, one or more of the owners may have the property partitioned in the manner prescribed by law for the partition of real property in district court.
>
> (b) The court shall apportion the taxes, penalties, interest, and costs sued for to the owners of the property in proportion to the interest of each. If an owner pays the taxes, penalties, interest, and costs apportioned to him, the property partitioned to him is free from further claim or lien for the taxes involved in the suit. If an owner refuses to pay the amount apportioned to him, the suit shall proceed against him for that amount.

We recognize the obvious fact that the court in the partition suit did not specifically apportion taxes, penalties, interest and costs to the delinquent co-owners, nor does the order for sale of the property reflect any specifics as to tax liability. Our question is, "Whose fault is it?"

In deciding this case, we rely on the line of Texas Supreme Court cases which includes *Abbott Laboratories v. Gravis*, 470 S.W.2d 639 (Tex.1971), all espousing the

proposition that an existing final judgment rendered upon the merits by a court of competent jurisdiction upon a matter within its jurisdiction is conclusive of the rights of the parties in all other action on the points at issue and adjudicated in the first suit, and the rule of res judicata in Texas bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in a former action as well as those which were actually tried. *See, Ortega v. First Republicbank Fort Worth,* 792 S.W.2d 452 (Tex. 1990); *Griffin v. Holiday Inns of America,* 496 S.W.2d 535 (Tex.1973); *Freeman v. McAninch,* 87 Tex. 132, 27 S.W. 97 (1894). We are convinced that, with a bit of diligence on their parts, appellees could have completely and finally litigated their interests with regard to the delinquent taxes. They had before them all of the parties, all of the property, a step-by-step blueprint in the Tax Code, and the proper forum. Whatever the motive for their actions, or inactions, in the instant case, the partition suit in the 260th District Court was fully and readily available to appellees for them to obtain personal judgments against the delinquent co-owners, and to foreclose on the liens that already existed on the property as of January 1 of each year.

Based upon the above analysis and discussion of the instant case, we reverse the judgment of the trial court and render a judgment that appellees take nothing, and further bar appellees, under the doctrine of res judicata, from attempting to foreclose on the ad valorem tax liens on the two tracts of property in question for taxes, interest, penalties, and costs owing for the tax years prior to January 1, 1989.

REVERSED and RENDERED.