## Anderson Martin WHITEHEAD, Appellant,

v.

## JASPER COUNTY WATER CONTROL & IMPROVEMENT DISTRICT NO. 1, Jasper County, and Buna Independent School District, Appellees.

No. 09–02–482 CV.

Court of Appeals of Texas, Beaumont.

Submitted Sept. 11, 2003.

Decided Oct. 9, 2003.

Jerry L. Spence, Houston, Joe Glenn Kahla, Seale, Stover, Bisbey & Morian, Jasper, for appellant.

Kent M. Rider, Linebarger Googan Blair & Sampson, LLP, Austin, for appellees.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

DON BURGESS, Justice.

Anderson Martin Whitehead appeals from the trial court's judgment rescinding a redemption deed dated October 14, 1999. Whitehead raises five issues.

On August 19, 1994, judgment was entered of amounts due, owing and unpaid to Buna Independent School District (Buna ISD), Jasper County Water Control & Improvement District No. 1 (Water District), and Jasper County (collectively appellees) upon certain property, including that designated Tract 2 and Tract 8. Tract 2 is 31.57 acres and adjoined by Tract 8, which is 4.43 acres. The judgment was executed by Order of Sale on March 8, 1999. On April 6, 1999, the Sheriff of Jasper County conducted a tax sale at which he struck off Tract 2 and Tract 8 to Buna ISD, for the use and benefit of Buna ISD, Jasper County, the Water District, and the Jasper County Education District, pursuant to TEX. TAX CODE ANN. § 34.01(c) (Vernon

2001). Buna ISD, as Trustee, conveyed Tract 2 to the Water District by a Tax Resale Deed on April 12, 1999. Subsequently, Whitehead tendered to the Water District the amount of $41,740.24 to redeem Tract 2 in accordance with the Tax Code.[1] The Water District then executed a quitclaim deed on Tract 2 in favor of Whitehead.

Subsequently, it was discovered the Whitehead Office Building, thought to be located on Tract 8, was actually on Tract 2 with some encroachment on Tract 8. Appellees filed suit to rescind the redemption deed alleging: (1) mutual mistake of a material fact, namely that Tract 2 was unimproved property, or (2) mistake as to a material feature of the condition of Tract 2 of so great a consequence that to not rescind would be unconscionable, or (3) mutual mistake of fact or law regarding the status of Whitehead as a former owner of Tract 2. The last basis for rescission was not submitted to the jury and therefore cannot support the trial court's judgment.

In his second issue on appeal, Whitehead contends the "mistake" in this case is not one such as would support a cause of action for rescission of the redemption deed. We agree because there is no mistake in the deed—in point of fact, there are no allegations of error in the deed.

In *Orange County Development Co. v. Orange County Appraisal Dist.*, 810 S.W.2d 884, 887 (Tex.App.-Beaumont 1991, no writ), we noted that "with a bit of diligence on their parts, appellees could have completely and finally litigated their interests with regard to the delinquent taxes. They had before them all of the parties, all of the property, a step-by-step blueprint in the Tax Code, and the proper forum." Appellees were all a party to the 1994 judgment and were aware that the descriptions of both Tract 2 and Tract 8 fail to indicate whether a building is located on the property and neither is described as "unimproved." At no time prior to redemption did the taxing authorities

1. Section 34.21 of the Tax Code provides, in pertinent part:

(b) If property that was used as the owner's residence homestead or was land designated for agricultural use when the suit or the application for the warrant was filed is bid off to a taxing unit under Section 34.01(j) or (p) and has not been resold by the taxing unit, the owner having a right of redemption may redeem the property on or before the second anniversary of the date on which the deed of the taxing unit is filed for record by paying the taxing unit:

(1) the lesser of the amount of the judgment against the property or the market value of the property as specified in that judgment, plus the amount of the fee for filing the taxing unit's deed and the amount spent by the taxing unit as costs on the property, if the property was judicially foreclosed and bid off to the taxing unit under Section 34.01(j); or

(2) the lesser of the amount of taxes, penalties, interest, and costs for which the warrant was issued or the market value of the property as specified in the warrant, plus

the amount of the fee for filing the taxing unit's deed and the amount spent by the taxing unit as costs on the property, if the property was seized under Subchapter E, Chapter 33, and bid off to the taxing unit under Section 34.01(p).

. . .

(e) The owner of real property sold at a tax sale other than property that was used as the residence homestead of the owner or that was land designated for agricultural use when the suit or the application for the warrant was filed may redeem the property in the same manner and by paying the same amounts as prescribed by Subsection (a), (b), (c), or (d), as applicable, except that:

(1) the owner's right of redemption may be exercised not later than the 180th day following the date on which the purchaser's or taxing unit's deed is filed for record; and

(2) the redemption premium payable by the owner to a purchaser other than a taxing unit may not exceed 25 percent.

TEX. TAX CODE. ANN. § 34.21(b), (e) (Vernon 2001) (footnote omitted).

seek to determine the location of the Whitehead Office Building—not before seeking a judgment for delinquent taxes, not before foreclosure, not before the tax sale, not before conveying the property by deed to another taxing unit, and not before executing the quitclaim deed to Whitehead. As in *Orange County Development,* a final judgment was rendered by a court of competent jurisdiction. All further action was taken based upon that judgment and in accordance with the tax code.

The true "mistake" is in the amount due, owing and unpaid that the taxing authorities sought and obtained judgment on in 1994. That judgment was executed in 1999. Following the tax sale of the property and its subsequent conveyance to the Water District, Whitehead was entitled to redeem the property pursuant to the Tax Code by paying the amount of the judgment against the property, plus certain fees and costs. When Whitehead tendered that amount to the Water District the judgment was satisfied and the property was redeemed. Any error in the 1994 judgment cannot be transformed into a cause of action for recision of the deed. The Tax Code provides no such remedy to the taxing units. Further, after extensive research we have found no precedent, and appellees cite none, for recision of a redemption deed acquired in full compliance with the Tax Code. Accordingly, issue two is sustained.

We reverse the judgment of the trial court and render a judgment that appellees take nothing.

REVERSED AND RENDERED.